PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                           No. 06-4018

KEITH A. HARGROVE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Henry E. Hudson, District Judge.
(CR-05-168)

Argued: October 27, 2006

Decided: February 23, 2007

Before WILKINS, Chief Judge, and WIDENER and
MOTZ, Circuit Judges.

---

Affirmed in part and vacated and remanded in part by published opinion. Judge Motz wrote the opinion, in which Judge Widener joined. Chief Judge Wilkins wrote a separate opinion concurring in part and dissenting in part.

---

## COUNSEL

**ARGUED:** Mary Elizabeth Maguire, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Michael S. Day, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

**ON BRIEF:** Michael S. Nachmanoff, Acting Federal Public Defender, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Peter S. Duffey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

## OPINION

DIANA GRIBBON MOTZ, Circuit Judge:

Keith Hargrove pleaded guilty to three drug counts and was then tried and convicted of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) (2000). In calculating his guidelines sentence, the district court denied Hargrove a two-level reduction in offense level for the drug counts for acceptance of responsibility. Hargrove appeals, asserting that he was entitled to the reduction.[1] Although the guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing courts must still calculate the correct guidelines range in order to fashion a reasonable sentence. *See United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). When calculating the guidelines range in this case, the district court erred in believing that it had no legal authority to grant the reduction with respect to the drug offenses after Hargrove went to trial on the 924(c) firearm charge. As explained within, although the guidelines certainly do not require a court to grant Hargrove the reduction, they do permit it. Accordingly, we vacate his sentence and remand for resentencing consistent with this opinion.

### I.

On December 11, 2004, Richmond police officers Allen, Hewlett,

---

[1]Hargrove also challenges the sufficiency of the evidence supporting his conviction for violation of 18 U.S.C. § 924(c) (2000). Given the physical evidence and testimony presented at his trial, however, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002). We therefore affirm the conviction.

and Lambert, riding in a marked police car in a high-crime area, observed Hargrove and another individual on the sidewalk, with their backs to the police car. As the car got closer, Hargrove's companion began to run. The police turned on a spotlight, and Officer Allen observed Hargrove pull a gun from his waistband and drop it on the ground. Officer Lambert saw Hargrove grab an object, and Officer Hewlett saw Hargrove's hand in motion. The officers tackled Hargrove and watched him release a bag of crack cocaine. The officers recovered two magazines for a pistol from Hargrove's jacket, but no bullets that would fit the .357 revolver were found on the ground.

On April 11, 2005, Alcohol, Tobacco and Firearms (ATF) Agent Oakley arrested Hargrove on the basis of a federal indictment charging him with the events of December 11, 2004. At the time of this arrest, Hargrove possessed crack cocaine packaged for distribution, but he did not have a firearm. Hargrove admitted to Agent Oakley that he had possessed crack cocaine on December 11, 2004, but denied knowledge of the .357 revolver that the police recovered from the ground. When Agent Oakley told Hargrove that he believed his fingerprints would be found on the revolver, Hargrove replied, "I'm pretty sure my prints ain't on it." In fact, none of Hargrove's fingerprints were found on the revolver.

A federal grand jury filed a seven count superseding indictment against Hargrove charging him with: (1) possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841 (2000); (2) possession of cocaine base, in violation of 21 U.S.C. § 844 (2000); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(2000); (4) possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)(2000); (5) possession of ammunition, in violation of 18 U.S.C. § 922(g)(1); (6) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841; and (7) possession of cocaine base, in violation of 21 U.S.C. § 844. The first four counts arose from the events of December 11, 2004; the last three from those on the date of arrest, April 11, 2005. Hargrove entered pleas of guilty to counts one, five, and six, and in exchange the Government agreed to dismiss counts two, four, and seven. Hargrove went forward with a jury trial on count three, possession of a firearm in furtherance of a drug traf-

ficking crime. After a one-day trial, the jury returned a verdict of guilty.

At sentencing, Hargrove requested that the district court grant him a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 on the drug counts for which he had entered pleas of guilty. In calculating the guidelines range, the district court held that because Hargrove went to trial on the 924(c) gun count, the court had no legal authority to grant the § 3E1.1 reduction for acceptance of responsibility on the drug offenses. Accordingly, the district court refused to consider a guidelines reduction for acceptance of responsibility and sentenced Hargrove to 175 months imprisonment and a term of three years of supervised release on each of the counts to run concurrently. Hargrove appeals.

If the district court had recognized that it had the legal authority to grant Hargrove the reduction and had, in exercising that authority, denied the reduction, we would review its factual determination for clear error. *See, e.g.*, *United States v. Kise*, 369 F.3d 766, 771 (4th Cir. 2004). Because, however, the court believed it had no legal authority to grant Hargrove the reduction, we review this legal conclusion *de novo*. *Cf. United States v. Hall*, 977 F.2d 861, 863 (4th Cir. 1992) (holding, pre-*Booker*, that although a district court's refusal to grant a discretionary departure from the guidelines range was "not reviewable on appeal," its "refusal to depart" because of a "perceived lack of legal authority to do so" is subject to review *de novo*).

II.

Hargrove argues that proceeding to trial on the 924(c) charge should not automatically preclude him from obtaining the reduction in his guidelines sentence for acceptance of responsibility, and further contends that he is, in fact, entitled to the reduction. We consider these claims in turn.

A.

In certain limited situations, for example when a statute requires a consecutive minimum sentence for an offense, a district court cannot

reduce a defendant's sentence for acceptance of responsibility. *See, e.g.*, *United States v. Davis*, 380 F.3d 183, 195 (4th Cir. 2004). However, even prior to *Booker*, we have repeatedly reiterated that in most cases district courts are uniquely qualified to evaluate whether to grant or deny a sentence reduction for acceptance of responsibility. *See, e.g.*, *Elliott v. United States*, 332 F.3d 753, 766 (4th Cir. 2003); *United States v. Castner*, 50 F.3d 1267, 1279 (4th Cir. 1995).

Our case law properly follows from the guidelines themselves. Section 3E1.1 of the guidelines provides that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." U.S.S.G. § 3E1.1 (2005). Hargrove argues that in his case, the "offense" to which § 3E1.1 applies consists of the grouped drug counts to which he pleaded guilty, because the remaining charge — the 924(c) gun charge — carries a statutory minimum sentence and is thus not a guidelines offense and can never provide the basis for a § 3E1.1 reduction. Brief of Appellant at 15. He contends that he accepted responsibility for the drug offenses and so should be considered for receipt of the benefit of § 3E1.1 in calculating the guidelines sentence for these counts. Hargrove's argument finds strong support in the guidelines.

First, the commentary to § 3E1.1 carefully distinguishes between the "offense of conviction" and "relevant conduct." An "appropriate consideration[ ]" for the sentencing judge in evaluating a defendant's demonstration of acceptance of responsibility is his "truthfully admitting the conduct comprising the *offense(s) of conviction*, and truthfully admitting *or not falsely denying* any *additional relevant conduct* for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." U.S.S.G. § 3E1.1 cmt. n.1(a) (emphasis added). Elsewhere, the commentary states that "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the *offense of conviction*, and truthfully admitting or not falsely denying any additional *relevant conduct* . . . will constitute significant evidence of acceptance of responsibility . . . ." *Id.* at cmt. n.3 (emphasis added). Thus, for the purposes of § 3E1.1, "offense" is not synonymous with "relevant conduct."[2]

---

[2]U.S.S.G. § 1B1.1 cmt. n.1(H) (2005) defines "Offense" as "the offense of conviction and all relevant conduct under §1B1.3 (Relevant

Moreover, the guidelines instruct sentencing courts initially to group similar counts together into a single "offense." *See* U.S.S.G. § 3D1.1 introductory cmt. (2005). Counts with statutory minimum sentences that are to be imposed consecutively — including those under § 924(c) — are specifically "[e]xclude[d]" from grouping. U.S.S.G. § 3D1.1 cmt. n.1. Pursuant to the procedure prescribed by the guidelines, once a court groups appropriate counts and determines the initial combined offense level for the grouped counts, it then decides whether any adjustments to the offense level — including that for acceptance of responsibility — should be made for the grouped offense. U.S.S.G. § 3D1.1 cmt. background. It is only *after* that determination and the subsequent calculation of the sentence flowing from the (possibly adjusted) offense level of the grouped counts that the punishment for counts with a consecutively imposed statutory minimum is added to the sentence; a court cannot award an acceptance of responsibility adjustment for such consecutive mandatory minimum sentences. Chapter Five of the guidelines confirms this approach, providing that when a statute imposes a consecutive mandatory minimum sentence, "the term of years to be imposed consecutively is the minimum required by the statute of conviction and *is independent of the guideline sentence* on any other count." U.S.S.G. § 5G1.2 cmt. n.2(A) (2005) (emphasis added).

In sum, when § 3E1.1 instructs that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels," the "offense" to which it refers comprises the counts that are grouped together and treated as "a single offense for purposes of the guidelines." U.S.S.G. § 3D1.1 intro cmt. As a result, under the terms of U.S.S.G. § 3E1.1, the defendant must only accept responsibility for the grouped guidelines counts in order to be *eligible* for the reduction in offense level for that particular "offense."[3]

(Text continued on page 8)

---

Conduct) unless a different meaning is specified or is otherwise clear from the context." In this case, the commentary to § 3E1.1 specifies a different meaning, one that is also clear from the context of how the guideline is applied.

[3]Relying on *United States v. Ginn*, 87 F.3d 367, 371 (9th Cir. 1996), the dissent contends that the plural "offense(s) of conviction" in the commentary to § 3E1.1 indicates that to receive the reduction Hargrove must

accept responsibility for all of the crimes of which he has been convicted — including the § 924 offense. *Post* at 16. But *Ginn* relies on the plural, "offense[s]" of conviction, simply to explain its holding that a defendant must accept responsibility for all *guideline* offenses of conviction, *i.e.* all grouped offenses factored into his combined offense level, because otherwise the defendant "would receive a benefit on his offense level" for *all* of those offenses "even though he accepted responsibility for only one." *Ginn*, 87 F.3d at 371. Unlike Ginn, Hargrove did accept responsibility for all of his guideline offenses (those factored into his combined offense level) and went to trial only on the 924(c) offense, which is not factored into the combined offense guideline level. Because the mandatory minimum sentence for the 924(c) offense must be imposed consecutively *after* the calculation of the guideline sentence based on the adjusted combined offense level, the acceptance of responsibility reduction has no effect on Hargrove's sentence for the 924(c) count. In sum, unlike Ginn, Hargrove could never receive a benefit for the count that he factually contested.

The dissent's contention that the structure of the guidelines supports its position is flawed for similar reasons. This structure does indicate that all *guidelines* offenses be grouped before considering a § 3E1.1 reduction; but the structure does not even suggest this with respect to the 924(c) offense. Indeed, given that the 924(c) count is never grouped or factored into the combined offense level, the structure of the guidelines — consideration of a § 3E1.1 reduction *after* the calculation of the combined offense level *but before* the addition of the mandatory consecutive minimum sentence for 924(c) counts — supports our holding, not the dissent's position.

The dissent's argument that our holding is contrary to the purposes of § 3E1.1 — to "sentenc[e] more leniently defendants who evidence contrition and cooperate with law enforcement authorities" — is equally unpersuasive. *See post* at 17 (*quoting United States v. Frazier*, 971 F.2d 1076, 1084 (4th Cir. 1992)). Because Hargrove has indisputably evidenced contrition and cooperated with law enforcement authorities with respect to his drug offenses, it is consistent with the purpose of § 3E1.1 that he *could* receive a more lenient sentence for these offenses. The dissent's view that "a defendant who factually contests his guilt" as to a 924(c) crime "has not accepted responsibility in the global sense required by the guidelines," *post* at 18, may well be a view shared by the sentencing court on remand, but it need not be so. And the guidelines

Hargrove has done that in this case. He has pleaded guilty and did not go to trial on the narcotics counts grouped under the guidelines, which together constitute the only "offense" for purposes of § 3E1.1. Thus, Hargrove has accepted responsibility for his § 3E1.1 offense and so is eligible for the reduction. To be sure, he did proceed to trial on the 924(c) count,[4] but that does not render him ineligible for the reduction because it is not subject to grouping with the guidelines offenses, is not factored into determining the guidelines offense level, and cannot be the basis for an acceptance of responsibility reduction.

---

instruct that it is not an appellate judge but "[t]he sentencing judge" who evaluates "a defendant's acceptance of responsibility." *See* U.S.S.G. § 3E1.1 cmt. n.5.

The dissent's final argument — that our holding fails because we have not "articulate[d]" the Commission's possible purpose for creating the scheme that it did, *post* at 19 — is even less persuasive. Given the clarity of the language in the guidelines and commentary, fuller judicial exploration of the Commission's purpose is unnecessary and perhaps problematic. *Cf. United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940) ("There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes."). However, as we have noted in text, Hargrove posits an entirely reasonable explanation for the different treatment of 924(c)-type offenses. Consistent with the purpose of § 3E1.1 — to grant sentencing judges discretion to impose more lenient sentences on defendants who have accepted responsibility for their conduct — the Commission may have chosen to treat 924(c)-type offenses differently because they carry consecutive *mandatory* minimum sentences for which a defendant can never obtain a § 3E1.1 reduction. In other words, the Commission may well have concluded that any other scheme would be unfair — denying a defendant all possibility of a § 3E1.1 reduction, even though prior to trial he fully accepted responsibility for his guidelines offenses, simply because he refused to plead guilty to an offense for which acceptance of responsibility could *never* reduce his sentence.

[4]Although at trial Hargrove contested the "possession" and "furtherance" elements of the 924(c) count, he did not deny drug activity and so did not deny any factual elements of his guidelines "offense." Thus, application note 2 to § 3E1.1, which applies to the "offense" under the guidelines (here the drug counts), does not govern his case. U.S.S.G. § 3E1.1 cmt. n.2. It is for this reason that the long list of cases cited by the dissent, *post* at 20, is inapposite here.

Because Hargrove accepted responsibility for all of the drug counts — the counts grouped together under the guidelines that constitute the "offense" for the purposes of § 3E1.1 — he was eligible for the reduction. The district court thus erred in concluding that it did not have the legal authority to grant Hargrove the reduction.

B.

Hargrove, however, further contends that he is "entitled" to award of the reduction and that we must remand the case with "explicit instructions" to the district court to grant the reduction. Brief of Appellant at 16, 20. We cannot agree. Although Hargrove pleaded guilty to the grouped drug "offense," he has not truthfully admitted his relevant conduct, namely the 924(c) count, and so is certainly not "entitled" to the reduction.

"In determining whether a defendant qualifies" for an acceptance of responsibility reduction in his guidelines sentence, an "appropriate consideration[ ]" for the sentencing judge is whether the defendant has "truthfully admitt[ed] or not falsely den[ied] any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." U.S.S.G. § 3E1.1 cmt. n.1. The commentary to U.S.S.G. § 3E1.1 explains that "[a] defendant may remain silent in respect to relevant conduct . . . without affecting his ability to obtain a reduction under this subsection," but "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." *Id.* at cmt. n.1(a).

Section 1B1.3 defines as "[r]elevant [c]onduct" "all acts and omissions committed . . . by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense. . . ." U.S.S.G. § 1B1.3(a)(1) (2005). By convicting Hargrove on the 924(c) count, the jury found that Hargrove possessed a gun "in furtherance" of a drug trafficking crime, and as such, the 924(c) conviction constitutes "relevant conduct" for the purposes of § 3E1.1. Hargrove has contested his responsibility for the relevant conduct, and so the sentencing judge could conclude that the relevant conduct should "affect[ ]" Hargrove's "ability to obtain a

reduction under this subsection." U.S.S.G. § 3E1.1 cmt. n.1(a). That is, the court may well conclude that by going to trial on the 924(c) count, Hargrove "has acted in a manner inconsistent with acceptance of responsibility."[5] *Id.*

We note however that this is just one, albeit an important, "appropriate consideration[ ]" for the sentencing judge to consider in exercising his discretion to determine whether to grant the reduction. Other "appropriate considerations" include voluntary termination or withdrawal from criminal conduct, voluntary surrender to authorities and assistance to authorities in recovery of the fruits and instrumentalities of the offense, and the timeliness of the defendant's conduct in manifesting the acceptance of responsibility. *Id.* at cmt. n.1(b), (d), (e), (h).

In sum, although the sentencing court has the legal authority to grant Hargrove the reduction, the court is certainly not required to do so. On remand, it should consider Hargrove's relevant conduct and other appropriate § 3E1.1 considerations in determining whether to grant the reduction.

### III.

Our holding here — that in cases like those at hand, the sentencing judge has the power to grant a reduction for acceptance of responsibility in determining the guidelines offense level, but that the defendant is not entitled to such a reduction — accords with our precedent and that of our sister circuits that have considered this issue.

The district court erred in believing that *United States v. Gordon*, 895 F.2d 932 (4th Cir. 1990), barred it from awarding any reduction in this case. If *Gordon* had so held it would be contrary to, rather than entirely consistent with, our well-established precedent, noted above,

---

[5]But the sentencing court need not necessarily so conclude. The guidelines commentary states that "[a] defendant may remain silent in respect to relevant conduct . . . without affecting his ability to obtain a reduction under this subsection." U.S.S.G. § 3E1.1 cmt. n.1(a). Although Hargrove proceeded to trial on the 924(c) count, he did not testify at trial and so has "remain[ed] silent" about his relevant conduct.

that we defer to sentencing judges because they are in a particularly appropriate position to evaluate whether to grant a reduction for acceptance of responsibility. In fact, in *Gordon* itself, we carefully explained why district courts are afforded this broad authority to determine whether an acceptance of responsibility reduction is appropriate — because "[t]he sentencing judge is in a unique position to carefully examine the particular circumstances of each case." *Gordon*, 895 F.2d at 937 (internal quotation marks omitted).

As Hargrove notes, *Gordon* involved a very different situation than that presented here. There the defendant attempted to gain the reduction by accepting responsibility for one offense — possession of cocaine — while continuing to deny responsibility for another grouped offense — possession of cocaine with intent to distribute. 895 F.2d at 934. Furthermore, in *Gordon* the defendant did not even accept responsibility for the lesser included offense until *after* he had gone to trial and been convicted of both offenses. These facts contrast sharply with those at hand in which Hargrove seeks the reduction because *prior* to trial he pleaded guilty and accepted responsibility for the offenses grouped under the guidelines and only went to trial on the 924(c) offense, which could not be grouped and for which a court could not award him the reduction. In sum, while Hargrove accepted responsibility for the grouped guidelines counts prior to any conviction, Gordon did not accept responsibility for *any* counts prior to conviction, and even after trial and conviction still refused to accept responsibility for the more serious of the two counts.

Moreover, even given these facts, the district court in *Gordon* did not doubt that it had the power or legal authority to grant an acceptance of responsibility reduction. The court expressly recognized that Gordon was not "automatically denied" a two-level reduction because he went to trial, but concluded that Gordon had not demonstrated acceptance of responsibility meriting the reduction in his case. *Id.* at 937 (quoting the district court). Similarly, although we agreed with the district court "that Gordon had done nothing to indicate his acceptance of responsibility," we did not suggest that the district court lacked the power to grant the reduction. *Id.* Rather, we affirmed because "[t]he district court did not clearly err in denying" the reduction. *Id.*

In *Gordon* we recognized, as the district court had, that in limited situations when a defendant does not seek to challenge issues that relate to his factual guilt a sentencing court may grant the reduction even if a defendant goes to trial on a guidelines offense. But we rejected, *id.* at 936, the First Circuit's view that a defendant need only plead guilty to some of the counts to *require* that the district court award the two-point reduction. *See United States v. Perez-Franco*, 873 F.2d 455, 458-459, 464 (1st Cir. 1989) (rejecting the district court's refusal to award the reduction when the defendant did not plead guilty or accept responsibility for some counts and remanding with the directive that defendant "shall be entitled to the two-point reduction" if he accepted responsibility for the count to which he pleaded guilty).

Instead, we looked to cases from other circuits that had held that appellate courts should be particularly deferential to the factual findings of sentencing judges as to whether defendants had accepted responsibility. *See United States v. Moskowitz*, 888 F.2d 223, 227 (2d Cir. 1989) (finding "no basis for disturbing the district court's determination that [the defendant] was not entitled to a two level reduction" (internal quotation marks omitted)); *United States v. Tellez*, 882 F.2d 141, 143 (5th Cir. 1989) (stating that the "determination by the sentencing judge is entitled to great deference"). Deferring to the district court's factual determination in *Gordon*, we explained that "[w]e believe the approach taken by the Second and Fifth Circuits is correct and hold that in order for section 3E1.1 of the guidelines to apply," — that is, to ever *entitle* a defendant to a reduction — "a defendant must first accept responsibility for all of his criminal conduct." *Gordon*, 895 F.2d at 936. Although the language of the guidelines has changed since we issued *Gordon* in 1990,[6] the rule in *Gordon* — that

---

[6]The guidelines then stated that the offense level should be reduced if a defendant accepted responsibility "for his *criminal conduct*," U.S.S.G. § 3E1.1(a) (1990) (emphasis added), and the commentary provided that "*truthful admission* of involvement in the offense *and related conduct*" constituted significant evidence of acceptance of responsibility. *Id.* at cmt. n.3 (emphasis added). However, under the current guidelines and commentary, as explained earlier, it is clear that a defendant need not affirmatively accept responsibility for all criminal conduct, but only the guidelines offense of conviction, to be eligible for the reduction; failure to accept responsibility for relevant conduct may weigh heavily against award of the reduction but it does not render a defendant ineligible for it.

only if a defendant accepts responsibility "for all of his criminal conduct" (now his guidelines offense of conviction) could a defendant ever be *entitled* to an acceptance of responsibility reduction — remains the law.

In sum, *Gordon* does not hold that a defendant must plead guilty to all criminal conduct before a sentencing court *may* exercise its discretion to grant a reduction for acceptance of responsibility. Rather, *Gordon* holds that we will defer to the factual determination of the district court about whether a defendant has accepted responsibility. Therefore, *Gordon* does not bar a sentencing court from awarding a reduction in a case like that at issue here.

Moreover, although none of our prior precedent involves a case like Hargrove's — in which the defendant pleaded guilty to the offenses grouped under the guidelines, but went to trial just on a non-grouped charge specifically excluded from guidelines grouping for which a court cannot grant the acceptance of responsibility reduction — two of our sister circuits have recently considered similar cases. Both have concluded, as we do, that the guidelines permit a sentencing court to grant a § 3E1.1 reduction in these circumstances.

In *United States v. Williams*, 344 F.3d 365, 380 (3d Cir. 2003), the Third Circuit reviewed a sentencing judge's grant of the § 3E1.1 reduction to a defendant who pleaded guilty to bank robbery but went to trial and was convicted of a 924(c) offense. Even more recently, in *United States v. Wattree*, 431 F.3d 618, 622 (8th Cir. 2005), the Eighth Circuit reviewed a sentencing judge's grant of a § 3E1.1 reduction to a defendant who pleaded guilty to grouped narcotics offenses but went to trial and was convicted of a related 924(c) offense. In both cases, the Government advocated, as it does here, an "'all or nothing' approach," i.e. that the defendant is eligible to "receive a reduction . . . only by pleading guilty to all offenses of which the defendant is convicted." *Wattree*, 431 F.3d at 621-22; *see also Williams*, 344 F.3d at 381. Both courts firmly rejected that view for the same reason that we do — "[a]s a matter of law, the guidelines do not mandate an 'all or nothing' approach." *Wattree*, 431 F.3d at 622.[7] The Eighth Circuit then followed the Third in holding that

---

[7]In contrast, as the Eighth Circuit recognized and numerous courts have held, the guidelines do mandate this "all or nothing" approach when

"[w]here a defendant pleads guilty to all counts that are grouped for sentencing, contesting guilt only on non-grouped offenses, the guidelines do permit a two-level acceptance-of-responsibility reduction, based on the totality of the circumstances." *Id.* at 622-23.

As our sister circuits have recognized, a sentencing court *may*, but of course need not, grant the reduction in a case like Hargrove's.[8] It should only do so if, based on all relevant § 3E1.1 considerations — e.g., a defendant's acceptance of responsibility for relevant conduct, the timeliness of his plea to the guidelines offenses, his voluntary termination or withdrawal from criminal conduct, his assistance to authorities — the defendant exhibits sufficient acceptance of responsibility. *See United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996) (stating that to receive a reduction for acceptance of responsibility, "the defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct"). The *Williams* court concluded that the sentencing court had properly granted the reduction; the *Wattree* court concluded that it had not. But in each case, the appellate court unequivocally held, as we do, that the sentencing court had the legal authority to grant the reduction. Because in this case the sentencing court did not believe that it had this authority, we must vacate Hargrove's sentence and remand for resentencing.[9]

_____

a defendant pleads guilty to only some of the grouped counts and goes to trial on others. *See Wattree*, 431 F.3d at 622 (distinguishing, on this basis, "[t]he cases cited by the government"). For in that situation, as we have explained, the defendant will not have accepted responsibility for all of the counts that constitute the "offense of conviction." *See* U.S.S.G. § 3E1.1 cmt. n.1(a).

[8]Although it is not entirely clear, the Third Circuit view may be that a district court will always be justified in granting a reduction if it chooses to do so. Like the Eighth Circuit, we disagree with this approach, which we do not believe the guidelines support. *See Wattree*, 431 F.3d at 622-23. As explained within, we also disagree with the Third Circuit's suggestion that a 924(c) offense may not constitute conduct "relevant" to guidelines offenses.

[9]The Government has not suggested that if we hold, as we have, that the guidelines do not *require* that Hargrove be denied the reduction, we

IV.

For the foregoing reasons, we affirm Hargrove's conviction, but vacate his sentence and remand for resentencing consistent with this opinion.

*AFFIRMED IN PART AND*
*VACATED AND REMANDED IN PART*

WILKINS, Chief Judge, concurring in part and dissenting in part:

I concur in the majority's holding that the evidence was sufficient to support Hargrove's § 924(c) conviction. However, because I would affirm the sentence imposed, I respectfully dissent in part.

Hargrove's only argument on appeal regarding his sentence is that he was entitled to an acceptance of responsibility reduction in his offense level. More specifically, he contends that the district court erroneously concluded that, in determining whether to grant the reduction, it could consider the fact that Hargrove proceeded to trial and contested the facts underlying his § 924(c) offense. Because I believe the district court properly considered this fact and based its denial of the reduction on it, I would affirm.

I.

In interpreting a guideline, ordinary rules of statutory construction apply. *See United States v. Stokes*, 347 F.3d 103, 105 (4th Cir. 2003). These rules require us to give the guideline its plain meaning, as determined by examination of its "language, structure, and purpose." *United States v. Horton*, 321 F.3d 476, 479 (4th Cir. 2003) (internal

should apply harmless error analysis. Even had the Government so argued we could not agree. Because the sentencing judge must consider the various § 3E1.1 appropriate considerations to determine whether Hargrove should receive the reduction, the Government at this point could not possibly meet its burden of showing that the error in failing to consider Hargrove for the reduction did not affect his substantial rights. *See United States v. Rodriguez*, 433 F.3d 411, 416 (4th Cir. 2006).

quotation marks omitted). We must also examine the commentary accompanying the guideline, which "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993).

The guidelines provide a two-level offense-level reduction "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." *United States Sentencing Guidelines Manual* § 3E1.1(a) (2005). The commentary to § 3E1.1 lists a nonexhaustive set of factors for the district court to consider in deciding whether to grant a reduction, the first of which is whether the defendant "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or [did] not falsely deny[ ] any additional relevant conduct for which the defendant [was] accountable." U.S.S.G. § 3E1.1, comment. (n.1(a)). The central question in this appeal is whether "the offense(s) of conviction" encompasses an offense with a statutory minimum sentence that must be imposed consecutively ("a § 924(c)-type offense"). I believe that this language does encompass such an offense.

First, the language of the guideline and commentary is plain. Simply stated, the § 924(c) offense was an offense of which Hargrove was convicted and for which the district court was required to sentence him; it thus constituted an "offense of conviction" as those words are ordinarily used. *See United States v. Wilson*, 896 F.2d 856, 858 n.3 (4th Cir. 1990) (interpreting undefined guideline term to have its "ordinary meaning"). Had the Sentencing Commission intended "offense(s) of conviction" to refer only to some offenses of conviction and not to all, one would certainly expect that the Commission would have said as much. *See United States v. Ginn*, 87 F.3d 367, 371 (9th Cir. 1996) (explaining that the Commission's use of the plural "offense(s)" "implies that a defendant must accept responsibility for all crimes of which he or she is convicted before the defendant is eligible for an adjustment under section 3E1.1").

Second, the structure of the guidelines is consistent with the plain meaning of the language and commentary. Section 3E1.1 is found in the guidelines following the instructions for arriving at a single offense level by "grouping" related offenses. *See* U.S.S.G. § 1B1.1(d),

(e) (providing that an adjustment for acceptance of responsibility is applied after grouping). This placement demonstrates that the Commission actually intended "the offense(s) of conviction" to refer to all "offenses of conviction"—as one would expect from the language employed—rather than a subset thereof. That is so because had the Commission concluded that a defendant could receive a reduction for accepting responsibility for some but not all of his offenses of conviction, it would have required that acceptance of responsibility be determined for each offense or group of offenses individually before a single offense level for multiple offenses is calculated. Put another way, considering that the Commission did not adopt the notion that § 3E1.1 determinations would be offense- or group-specific, as obstruction of justice determinations are, for example, *see* U.S.S.G. § 1B1.1(c), (d) (providing that adjustments from Parts A, B, and C of Chapter Three are applied prior to grouping); U.S.S.G. § 3C1.1 (providing for offense-level enhancement for obstruction of justice), there is no reason why it would have excluded a defendant's contest of the facts underlying a § 924(c) offense from a § 3E1.1 determination.

Third, the purposes of § 3E1.1 are also consistent with the plain language of the guideline and commentary. A central purpose of § 3E1.1 is to encourage defendants to plead guilty, thereby saving the government from having to expend valuable resources proving its case. *See United States v. Frazier*, 971 F.2d 1076, 1084 (4th Cir. 1992) (holding that "[t]he acceptance of responsibility reduction essentially codifies the judicial practice of sentencing more leniently defendants who evidence contrition and cooperate with law enforcement authorities"). As the Eleventh Circuit has explained,

> When a defendant indicted on multiple counts goes to trial on any of those counts, the systemic costs of trial are not obviated although they may be reduced to some extent. In the same vein, a defendant who is unwilling to accept responsibility for some of the charges against him has not really "come clean" and faced up to the full measure of his criminal culpability.

*United States v. Thomas*, 242 F.3d 1028, 1034 (11th Cir. 2001); *see* U.S.S.G. § 3E1.1, comment. (n.2) ("Th[e § 3E1.1] adjustment is not intended to apply to a defendant who puts the government to its bur-

den of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."). Similarly, a defendant who factually contests his guilt on some of his offenses of conviction has not accepted responsibility in the global sense required by the guidelines and therefore should not remain eligible to receive a § 3E1.1 reduction.

A.

In contravention to the language, structure, and purpose of § 3E1.1, its commentary, and the guidelines as a whole, the majority concludes that the phrase "offense(s) of conviction" in the commentary to § 3E1.1 does not encompass § 924(c)-type offenses. The majority bases its conclusion primarily on the fact that a determination regarding whether a defendant is entitled to an acceptance of responsibility reduction is made before the guideline range is calculated and thus before the sentence for the § 924(c)-type offense is added.[1] *See ante*, at 6. This reasoning is misplaced, however. The sequence to which the majority refers tells us only that conduct underlying non-§ 924(c)-type offenses will not affect the length of the consecutive sentence imposed for a § 924(c)-type offense. It bears not at all on the question of whether the Commission intended that a defendant must accept responsibility for all of his offenses of conviction to obtain a reduction or whether something less is required.

As I have explained, the critical point we should draw from the sequence of the acceptance of responsibility determination is that the Commission determined that a reduction for acceptance of responsibility is not applied until the district court has determined a single offense level for all offenses of conviction. The majority fails to satisfactorily explain why the Commission would exclude a defendant's contest of the facts underlying a § 924(c) offense from a § 3E1.1 determination when it eschewed the notion that § 3E1.1 determinations would be offense- or group-specific. Stated another way, the

---

[1]The majority also claims support from the "clarity" of the language of the guidelines and commentary. *Ante*, at 6-8 n.3. But, as I have explained, the notion that this language provides *any* support for the majority's interpretation—let alone, clear support—is plainly incorrect. *See supra*, at 16-17.

majority fails to persuasively articulate why the Commission would decide that a defendant's factual contest of one group of offenses disqualifies him from receiving a reduction regarding an unrelated group of offenses, but that his factual contest of a § 924(c)-type offense would not similarly disqualify him.[2] The simple answer, in my view, is that the Commission would not make that decision. Either it would have made acceptance of responsibility offense- or group-specific, or it would have required that a defendant demonstrate responsibility for all of his offenses of conviction, as the guideline and commentary language indicates that it did.

The majority apparently also concludes that because the guidelines treat grouped offenses as a single "offense," groups of offenses are the "offense(s)" referred to in the commentary to § 3E1.1. *See ante*, at 6. I do not find this reasoning persuasive. Although the guideline commentary provides that groups of offenses "are *treated as* constituting a single offense for purposes of the guidelines," U.S.S.G. Ch. 3, Pt. D, intro. comment. (emphasis added), that certainly does not mean that subsequent guidelines *refer to* these groups as "offenses." If the commission had meant "groups" in § 3E1.1, instead of "offense(s)," there is no reason it would not have said so.

For all these reasons, I believe the district court properly considered Hargrove's choice to proceed to trial and factually contest his § 924(c) charge in denying his request for an acceptance of responsibility reduction.[3]

---

[2]The majority suggests that the Commission may have concluded that it would be "unfair" to deny a § 3E1.1 reduction for conduct underlying an offense that carries with it a sentence that will not be affected by any § 3E1.1 reduction. *Ante*, at 6-8 n.3. But surely there is nothing "unfair" about requiring a defendant to accept responsibility for the conduct underlying all of his offenses of conviction before he can become eligible for a § 3E1.1 reduction.

[3]The majority cites *United States v. Wattree*, 431 F.3d 618, 622 (8th Cir. 2005), and *United States v. Williams*, 344 F.3d 365, 380 (3rd Cir. 2003), as supporting its holding that "offense(s) of conviction" in this context does not include § 924(c)-type offenses. While the majority is correct that these decisions adopt the same rule that it does, they provide no more support for their interpretation than the majority does here.

## B.

I also believe that the district court properly concluded that pleading not guilty and factually contesting at least one of his offenses of conviction at trial disqualified Hargrove from receiving the reduction. *See United States v. Sims*, 428 F.3d 945, 961 (10th Cir. 2005) (holding that a defendant disqualifies himself from receiving an acceptance of responsibility reduction by exercising his right to trial and contesting his factual guilt); *United States v. Ragsdale*, 426 F.3d 765, 781-82 (5th Cir. 2005) (same); *United States v. Gorsuch*, 404 F.3d 543, 546 (1st Cir. 2005); *United States v. Forrest*, 402 F.3d 678, 688-89 (6th Cir. 2005) (same); *United States v. Yirkovsky*, 338 F.3d 936, 941 (8th Cir. 2003) (same); *United States v. Hernandez*, 330 F.3d 964, 984-85 (7th Cir. 2003) (same); *United States v. Cox*, 299 F.3d 143, 149 (2d Cir. 2002) (same); *cf. United States v. Gordon*, 895 F.2d 932, 936 (4th Cir. 1990) ("hold[ing] that in order for section 3E1.1 of the guidelines to apply, a defendant must first accept responsibility for all of his criminal conduct"). Although the guideline commentary lists the truthful admission of the conduct comprising the offenses of conviction as only one factor to be considered in determining whether to grant an acceptance of responsibility reduction, it also clearly states that proceeding to trial and contesting factual guilt is inconsistent with accepting responsibility for one's offenses:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1, comment. (n.2). Applying the interpretive maxim *expressio unius est exclusio alterius*, I conclude that the example given here, in which the defendant proceeds to trial to preserve issues not relating to factual guilt, demonstrates that a defendant is not entitled to a reduction when he has proceeded to trial to contest factual guilt. Thus, I would hold that the district court properly concluded that Hargrove disqualified himself from receiving a § 3E1.1 reduction by contesting the facts underlying his § 924(c) offense. Because the majority holds otherwise, I respectfully dissent in part.