**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5110**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM RANDOLPH UMSTEAD,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas David Schroeder, District Judge. (1:09-cr-00164-TDS-1)

_____

Submitted: August 18, 2011          Decided: August 22, 2011

_____

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North Carolina, for Appellant. Ripley Rand, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Randolph Umstead pled guilty to possession of counterfeit checks, in violation of 18 U.S.C. §§ 513(a), 2 (2006). Umstead was sentenced to sixty-five months of imprisonment. On appeal, Umstead contends that the district court clearly erred in denying him a two-level sentencing reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (2009). Finding no error, we affirm.

We review the district court's determination regarding acceptance of responsibility for clear error. United States v. Hargrove, 478 F.3d 195, 198 (4th Cir. 2007); Elliott v. United States, 332 F.3d 753, 761 (4th Cir. 2003). A defendant need not volunteer or admit to relevant conduct to obtain a reduction for acceptance of responsibility, but the reduction is not warranted when a defendant falsely denies, or frivolously contests relevant conduct that the court determines to be true. USSG § 3E1.1 cmt. n.1(a); Elliott, 332 F.3d at 766 (affirming the denial of reduction for acceptance of responsibility where defendant falsely denied relevant conduct). Our review of the record leads us to conclude that the district court did not clearly err in denying Umstead an adjustment for acceptance of responsibility.

Accordingly, we affirm Umstead's conviction and sentence. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED