**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4407**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CHRISTIAN OMAR BELTRAN,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (4:12-cr-00023-JLK-1)

———————

Submitted:  December 18, 2013    Decided:  December 31, 2013

———————

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Krysia Carmel Nelson, LAW OFFICES OF KRYSIA CARMEL NELSON, PLC, Keswick, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Ashley B. Neese, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christian Omar Beltran was convicted by a jury of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (2012) (Count One), possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2012) (Count Two), and possession of a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012) (Count Three). Beltran was sentenced to a total of 168 months of imprisonment. On appeal, he contends that there was insufficient evidence to support his § 924(c) conviction and that the district court erred in denying a two-level sentencing reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (2012). We affirm.

In February 2012, law enforcement officers conducted a stop of Beltran's vehicle. Inside the vehicle officers found a loaded pistol and a bag containing more than forty pounds of marijuana. Beltran acknowledged ownership of the firearm, which had been previously reported as stolen, and admitted that he had been engaged in the transportation of marijuana for some time. At trial, Beltran testified that he possessed the firearm solely for the protection of himself and his family and did not intend to use it "in furtherance" of his drug trafficking. The jury convicted Beltran on all three counts.

At sentencing, the government objected to the probation officer's recommendation that Beltran's acceptance of responsibility warranted a two-level reduction in his offense level calculation. The sentencing court sustained the objection.

Beltran first argues that there was insufficient evidence to support his § 924(c) conviction. We review the sufficiency of the evidence underlying a criminal conviction "by determining whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks omitted), cert. denied, 132 S. Ct. 2118 (2012). We will not overturn a jury verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Dinkins, 691 F.3d 358, 387 (4th Cir. 2012) (emphasis and internal quotation marks omitted), cert. denied, 133 S. Ct. 1278 (2013).

To establish a violation of 18 U.S.C. § 924(c), the government must prove that Beltran (1) used, carried or possessed a firearm (2) in furtherance of a drug trafficking crime or crime of violence. See 18 U.S.C. § 924(c)(1)(A); United States v. Jeffers, 570 F.3d 557, 565 (4th Cir. 2009). "Furtherance" under § 924(c) means "the act of furthering,

3

advancing, or helping forward." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (internal quotation marks and brackets omitted). Whether a firearm furthered, advanced, or helped forward a drug trafficking crime is a question of fact. Id. Numerous factors might lead a reasonable trier of fact to find a connection between a defendant's possession of a weapon and a drug trafficking crime, including: "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." Id. (internal quotation marks omitted).

In the present case, Beltran admitted that he was trafficking over forty pounds of marijuana, which the evidence established had a wholesale value of approximately $40,000. The firearm was loaded and was on the passenger-side floorboard, accessible to Beltran and in close proximity to the marijuana. Although Beltran had a license to carry a firearm, the pistol itself was stolen. We conclude that, taken together and in the light most favorable to the government, sufficient evidence was adduced at trial to sustain the conviction.

Beltran next argues that the district court erred in sustaining the government's objection to an adjustment in his

Guidelines sentence for acceptance of responsibility. Whether the district court has the authority to grant such a reduction is a legal conclusion to be reviewed de novo, United States v. Hargrove, 478 F.3d 195, 198 (4th Cir. 2007), but the determination of whether a defendant is entitled to the adjustment "is clearly a factual issue and thus reviewable under a clearly erroneous standard." United States v. White, 875 F.2d 427, 431 (4th Cir. 1989).

Section 3E1.1 of the U.S. Sentencing Guidelines Manual ("USSG") (2012) provides for a two-level reduction for a defendant who "clearly demonstrates acceptance of responsibility for his offense." United States v. Jeffery, 631 F.3d 669, 678 (4th Cir. 2011) (internal quotation marks omitted). We have held that, "[a]lthough the reduction is not intended to apply to a defendant who puts the government to its burden of proof at trial[,] . . . going to trial does not automatically preclude the adjustment." Id. (internal quotation marks omitted); see USSG § 3E1.1 cmt. n.2. However, "[p]ursuant to the Guidelines, a denial of relevant conduct is inconsistent with acceptance of responsibility." Elliott v. United States, 332 F.3d 753, 766 (4th Cir. 2003) (internal quotation marks omitted). An 18 U.S.C. § 924(c) conviction constitutes relevant conduct for the purposes of § 3E1.1. Hargrove, 478 F.3d at 201. "[T]he sentencing judge is in a unique position to evaluate a

defendant's acceptance of responsibility, and thus . . . the determination of the sentencing judge is entitled to great deference on review." Elliott, 332 F.3d at 761 (internal quotations omitted).

Our examination of the record convinces us that the district court did not misapprehend its authority to grant an acceptance of responsibility reduction, but simply exercised its discretion to decline to accept the adjustment recommended by the probation officer. Based on the facts before the district court, we find no error, clear or otherwise, in the court's decision. Therefore, this claim entitles Beltran to no relief.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED