**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4399**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRITNEY JOYCE ROBINSON,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Senior District Judge. (1:17-cr-00027-IMK-MJA-3)

Submitted: December 31, 2018                 Decided: January 7, 2019

Before KEENAN, DIAZ, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Amy L. Austin, LAW OFFICE OF AMY L. AUSTIN, PLLC, Richmond, Virginia, for Appellant. William J. Powell, United States Attorney, Wheeling, West Virginia, Zelda E. Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court sentenced Britney Joyce Robinson to 41 months' imprisonment after Robinson pled guilty to maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) (2012). On appeal, Robinson contends that the district court erred in calculating her Sentencing Guidelines range. Finding no reversible error, we affirm.

Robinson first contends that the district court erred in failing to credit her for acceptance of responsibility. *See* U.S. Sentencing Guidelines Manual § 3E1.1 (2016). We review the district court's denial of the acceptance of responsibility adjustment for clear error, *United States v. Jeffery,* 631 F.3d 669, 678 (4th Cir. 2011), but its determination that it lacked the authority to grant the adjustment de novo, *United States v. Hargrove*, 478 F.3d 195, 198 (4th Cir. 2007). We accord "great deference to the district court's decision because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007) (alteration and internal quotation marks omitted). To earn a USSG § 3E1.1 reduction, "a defendant must prove to the court by a preponderance of the evidence that [she] has clearly recognized and affirmatively accepted personal responsibility for [her] criminal conduct." *United States v. Bolton*, 858 F.3d 905, 914 (4th Cir. 2017) (internal quotation marks omitted).

We conclude that the district court did not err in denying Robinson the reduction for acceptance of responsibility. Although Robinson argues that the district court concluded that she was not eligible for the reduction as a matter of law, the record shows that the district court denied Robinson the adjustment based on the factors identified in

2

the Guidelines commentary. *See* USSG § 3E1.1 cmt. n.1(A). The district court found that Robinson's testimony at the sentencing hearing was not credible and conflicted with her admission in the plea agreement that she was responsible for the cocaine located in a bedroom closet. We conclude that the district court did not clearly err in making this finding.

Robinson's reliance on our decision in *Hargrove* is misplaced. In *Hargrove*, a defendant pled guilty to three controlled substance charges and went to trial on a charge that he violated 18 U.S.C. § 924(c) (2012). 478 F.3d at 197-98. The district court denied Hargrove the reduction for acceptance of responsibility on the controlled substance offenses, finding that it lacked the authority to grant the reduction because Hargrove went to trial on the § 924(c) offense. *Id.* at 198. We determined that the § 924(c) trial did "not render him ineligible for the reduction because [the § 924(c) count] is not subject to grouping with the [controlled substance] offenses, is not factored into determining the guidelines offense level, and cannot be the basis for an acceptance of responsibility reduction." *Id.* at 201. Here, by contrast, Robinson pled guilty to one offense and contested relevant conduct that went to the heart of the Guidelines calculations. Accordingly, we conclude that the district court did not err in denying Robinson a reduction for acceptance of responsibility.

Robinson also contends that the district court erred in applying an enhancement under USSG § 2D1.1(b)(12) ("the premises enhancement") because USSG § 2D1.8 does not refer to the specific offense enhancements under USSG § 2D1.1(b). Because Robinson failed to object to the application of the premises enhancement, we review this

3

issue for plain error. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). "To satisfy plain error review, the defendant must establish that: (1) there is a sentencing error; (2) the error is plain; and (3) the error affects [her] substantial rights." *Id.* We retain discretion to "cure the error, and should not do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). "In the ordinary case, . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018).

We conclude that the district court did not plainly err in applying the premises enhancement. Under USSG § 2D1.8(a)(1), Robinson's base offense level was calculated using "[t]he offense level from [USSG] § 2D1.1 applicable to the underlying controlled substance offense." "A cross reference (an instruction to apply another offense guideline) refers to the entire offense guideline (i.e, the base offense level, specific offense characteristics, cross references, and special instructions)." USSG § 1B1.5. And under USSG § 2D1.1(b)(12), a defendant receives a 2-level enhancement if she "maintained a premises for the purpose of manufacturing or distributing a controlled substance." Robinson fails to cite any case that has adopted her interpretation of USSG § 2D1.8(a), and we "cannot correct an error pursuant to plain error review unless the error is clear under current law." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (brackets omitted).

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*