**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4254**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JARICE DAQUAN CALDWELL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00455-WO-1)

Submitted:  September 14, 2021                              Decided:  October 8, 2021

Before GREGORY, Chief Judge, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Ashley E. Waid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarice Daquan Caldwell pled guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Caldwell to 92 months' imprisonment. On appeal, Caldwell argues that the district court erred by declining to reduce his offense level for acceptance of responsibility. We affirm.

Under U.S. Sentencing Guidelines Manual § 3E1.1 (2018), a district court is instructed to decrease a criminal defendant's offense level by 2 levels if the defendant "clearly demonstrates acceptance of responsibility for his offense," and to decrease it by an additional level if the government files a motion and the offense level prior to the 2-level reduction was 16 or higher. To earn the reduction, "[t]he defendant bears the burden of showing he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *United States v. Carver*, 916 F.3d 398, 404 (4th Cir.), *cert. denied*, 140 S. Ct. 197 (2019) (internal quotation marks omitted). "In determining whether a defendant has satisfied this standard, a sentencing court may consider, in relevant part, (a) truthful admissions to the underlying offenses or related conduct; (b) voluntary withdrawal from crime; (c) voluntary and prompt surrender to authorities; and (d) the timeliness of the defendant's apparent acceptance of responsibility." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017) (citing USSG § 3E1.1 cmt. n.1).

While pleading guilty and truthfully admitting the underlying offense constitutes "significant evidence of acceptance of responsibility," "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." USSG § 3E1.1 cmt. n.3. "The sentencing judge is in a unique position to evaluate a

2

defendant's acceptance of responsibility," and the sentencing judge's determination "is entitled to great deference on review." USSG § 3E1.1 cmt. n.5; *Bolton*, 858 F.3d at 915. Thus, "[w]e have upheld denials of reductions for acceptance of responsibility where, as here, the defendant continues criminal activity after apprehension, indictment, or guilty plea." *Bolton*, 858 F.3d at 915 (citing *United States v. Dugger*, 485 F.3d 236, 240 (4th Cir. 2007) (affirming denial of reduction where defendant admitted dealing drugs before and after incarceration)).

We have reviewed the record and conclude that, under the facts and circumstances of this case, the district court did not clearly err in finding that Caldwell engaged in criminal conduct while in jail awaiting sentencing. Although Caldwell argues that the district court improperly placed the burden on him to prove that he did *not* engage in post-plea criminal conduct, we find otherwise. The district court appropriately stated that Caldwell bore the burden of proof for acceptance of responsibility, but required the Government to present evidence to show that Caldwell engaged in criminal conduct while awaiting sentencing. And, after hearing the testimony and reviewing the photographic and video evidence presented by the Government, the district court found by a preponderance of the evidence that Caldwell engaged in the criminal activity.

We have reviewed the record and discern no error, clear or otherwise, in the district court's determination that Caldwell's offense level should not be reduced for acceptance of responsibility because he engaged in post-plea criminal conduct. *See United States v. Hargrove*, 478 F.3d 195, 198 (4th Cir. 2007) (recognizing that district court's acceptance of responsibility determination is reviewed for clear error as "district courts are uniquely

qualified to evaluate whether to grant or deny a sentence reduction for acceptance of responsibility").  Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*