**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4584**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDY TOVAR, a/k/a Fearless,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, Senior District Judge. (1:20-cr-00018-AJT-1)

Submitted: November 30, 2023                      Decided: December 19, 2023

Before GREGORY and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

**ON BRIEF:** Joseph D. King, KING CAMPBELL PORETZ & THOMAS, PLLC, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Amanda Lowe, Assistant United States Attorney, Nicholas J. Patterson, Jacqueline R. Bechara, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andy Tovar entered a plea of nolo contendere to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d); and conspiracy to commit murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(5); and pleaded guilty to a second count of conspiracy to commit murder in aid of racketeering activity, in violation of § 1959(a)(5); conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846; attempted murder in aid of racketeering activity and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1959(a)(5); assault with a dangerous weapon in aid of racketeering activity and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1959(a)(3); and using and discharging a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii). The district court sentenced Tovar to life in prison, followed by a consecutive term of 120 months' imprisonment for the § 924(c) count. Tovar appeals his sentence, arguing that the district court erred in denying him a two-level reduction in his offense level for acceptance of responsibility because the court erroneously believed that it lacked discretion to award the reduction on some counts and not others. For the following reasons, we affirm his sentence, but we remand for correction of a clerical error in the judgment.

Under the Sentencing Guidelines, a district court may reduce a defendant's offense level by two levels only "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S. Sentencing Guidelines Manual § 3E1.1 (2021). However, "[p]leading guilty is not enough, by itself," to support an offense level reduction for acceptance of responsibility. *United States v. Carver*, 916 F.3d 398, 404 (4th Cir.

2

2019).   As is relevant here, the sentencing court may consider whether the defendant "truthfully admitt[ed] the conduct comprising the offense(s) of conviction," which includes "all relevant conduct."   USSG §§ 1B1.1 cmt. n.1(I); 3E1.1 cmt. n.1(A).   "Relevant conduct" includes "all acts committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."   USSG § 1B1.3(a)(1).   Thus, "[a] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." USSG § 3E1.1 cmt. n.1(A).   Further, except in "extraordinary cases," conduct resulting in an enhancement for obstruction of justice is also inconsistent with acceptance of responsibility.  USSG § 3E1.1 cmt. n.4.

Although a nolo contendere plea does not disqualify a defendant from receiving a reduction for acceptance of responsibility, a sentencing court may still consider the nature of the defendant's plea when deciding whether to grant the reduction. *See United States v. Miller*, 782 F.3d 793, 802-03 (7th Cir. 2015) (collecting cases).   Ultimately, "[t]he defendant bears the burden of showing he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct."   *Carver*, 916 F.3d at 404 (internal quotation marks omitted).   "We must give great deference to the district court's decision because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007) (cleaned up).

3

Before considering the merits of Tovar's claim, we must first determine which standard of review applies. A district court's denial of a reduction in offense level for acceptance of responsibility is reviewed for clear error. *United States v. Jeffery,* 631 F.3d 669, 678 (4th Cir. 2011). However, a court's determination that it "had no legal authority to grant" a reduction for acceptance of responsibility is a legal issue that we review de novo. *United States v. Hargrove*, 478 F.3d 195, 198 (4th Cir. 2007) (citation omitted).[*]

We conclude that the district court did not err as the record reflects that the district court denied the acceptance of responsibility reduction based on permissible factors and that it properly viewed its decision as discretionary. Here, the court denied the reduction based on the nature of Tovar's plea, his denial of relevant conduct, and his actions that resulted in a sentencing enhancement for obstruction of justice. Further, the court illustrated that it understood its legal authority to grant the reduction and "simply concluded, after considering all of the facts, that [Tovar] was not entitled to an acceptance-of-responsibility reduction." *United States v. Knight*, 606 F.3d 171, 177 (4th Cir. 2010).

Accordingly, we affirm Tovar's sentence. We also remand for the limited purpose of correcting a clerical error in the statement of reasons, which incorrectly indicates that Tovar received a below-Guidelines-range variant sentence due to acceptance of responsibility. *See* Fed. R. Crim. P. 36 (governing clerical errors). We dispense with oral

---

[*] The Government argues that plain error review applies. We conclude that Tovar's arguments in the district court preserved his claim of procedural error on appeal. *See United States v. Hope*, 28 F.4th 487, 493-95 & n.4 (4th Cir. 2022).

4

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*