**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4680**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

BRIAN HEATH DOSS,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville. James C. Turk, Senior District Judge. (4:09-cr-00006-jct-3)

Submitted: April 27, 2011          Decided: May 19, 2011

Before NIEMEYER, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Randy V. Cargill, Assistant Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Heath Doss pled guilty, without a written plea agreement, to conspiracy to possess with the intent to distribute five kilograms or more of cocaine hydrochloride, and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a), 846 (2006). Doss was sentenced as a career offender to 360 months' imprisonment to run concurrent with the fifty-year state sentence without parole imposed for offenses that were included as relevant conduct to the instant offense of conviction. On appeal, Doss argues that the district court erred in denying his motion to withdraw his guilty plea, and by denying him credit for acceptance of responsibility without explanation. By failing to explain its reasons for denying credit, argues Doss, the district court implicitly accepted the Government's argument that he was not entitled to credit because he attempted to withdraw his guilty plea. We affirm.

We review a district court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. United States v. Lambey, 974 F.2d 1389, 1393 (4th Cir. 1992) (en banc). A defendant does not have an absolute right to withdraw a guilty plea. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). A motion to withdraw should be granted only if the defendant advances a fair and just reason for doing so. Id. "The most important consideration in resolving a motion to

withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003); United States v. Wilson, 81 F.3d 1300, 1306 (4th Cir. 1996). If the plea was knowingly and voluntarily entered with the close assistance of competent counsel during a properly conducted Rule 11 guilty plea colloquy, the defendant is left with a very limited basis upon which to have his plea withdrawn. Bowman, 348 F.3d at 414.

The district court may, however, consider several other factors in determining "whether the defendant had advanced a fair and just reason." Id. They include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Moore, 931 F.2d at 248. We have reviewed the record and conclude that Doss's plea was knowing and voluntary, that the district court fully complied with the Fed. R. Crim. P. 11 requirements when accepting his plea, and Doss has not demonstrated on this record that he advanced a fair and just reason for withdrawing the plea. Thus, we conclude that the

3

district court did not abuse its discretion in rejecting Doss's motion to withdraw his plea.

Nor did the district court err in denying Doss's request for a reduction for acceptance of responsibility. A district court's determination regarding acceptance of responsibility is factual in nature and will not be reversed unless clearly erroneous. United States v. Hargrove, 478 F.3d 195, 198 (4th Cir. 2007). "Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. After reviewing the record, we conclude that the district court was amply justified in finding that Doss was not entitled to an adjustment for acceptance of responsibility and that the court adequately explained its reasoning.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4