**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4892**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

DANIEL AGUIRRE CARRANZA,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:10-cr-00005-BR-1)

Submitted:  August 1, 2011          Decided:  August 18, 2011

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sandra J. Barrett, Attorney, Asheville, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Denise Walker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Aguirre Carranza pleaded guilty to possessing with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a) (2006). A jury subsequently found him guilty of participating in a conspiracy to distribute 500 grams or more, but less than five kilograms, of cocaine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Carranza to concurrent terms of 292 and 240 months in prison for the conspiracy and distribution convictions, respectively. Carranza appeals both his conviction at trial and his sentence. We affirm.

Carranza claims that the district court erred by denying his motions for a judgment of acquittal pursuant to Fed. R. Crim. P. 29. We review the denial of a Rule 29 motion de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."

2

Id. (internal quotation marks and citations omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

Viewing the evidence in the light most favorable to the prosecution, substantial evidence sustains the verdict below. Testimony established that Carranza made large, sometimes multi-kilogram, cocaine sales to multiple purchasers. One of his customers, Michael Livengood, testified to purchasing approximately 100 kilograms of cocaine from Carranza over an eighteen month span. Carranza would take orders for the cocaine, but he would sometimes send others, namely his two brothers, to deliver it. In one recorded conversation, Carranza stated that he had received a shipment of forty kilograms of cocaine. In another, he stated that he was paying for the cocaine lost when his brother was arrested. Upon his arrest, Carranza told authorities that he picked up cocaine at one residence and deposited the proceeds at another.

Carranza argues that the Government's evidence came solely from the testimony of Livengood, an unreliable source. We are mindful in our review that "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). Moreover, much

of Livengood's testimony was corroborated both by the recorded conversations and Carranza's own statements to authorities. In short, Carranza has failed to carry his heavy burden on appeal. We affirm his conspiracy conviction.

Carranza challenges a number of the district court's Sentencing Guidelines calculations. In assessing a sentencing court's application of the Guidelines, we review the court's legal conclusions de novo and its factual findings for clear error. United States v. Harvey, 532 F.3d 326, 336 (4th Cir. 2008).

Carranza takes issue with the district court's drug-weight calculation, as it far exceeded the weight found by the jury beyond a reasonable doubt. "But beyond establishing the maximum sentence, the jury's drug-quantity determination placed no constraint on the district court's authority to find facts relevant to sentencing." United States v. Young, 609 F.3d 348, 357 (4th Cir. 2010). Because of the differing burdens and evidentiary rules applicable at sentencing, no conflict exists between the sentencing court's drug-weight finding and Carranza's conviction.

Carranza also argues that the district court erred in enhancing his offense level by two points for his role as an organizer, leader, manager, or supervisor of the criminal activity under U.S. Sentencing Guidelines Manual ("USSG")

4

§ 3B1.1(c) (2009). We find that, given the evidence pertaining to Carranza's use of his brothers as deliverymen, the enhancement was not clearly erroneous.

Carranza next challenges the district court's imposition of the two-level adjustment, under USSG § 2D1.1(b)(1), for possession of a dangerous weapon. The dangerous weapon enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.3. To support the enhancement "the Government does not need to prove precisely concurrent acts, such as a gun in hand while in the act of storing drugs. Rather, proof of constructive possession of the dangerous weapon is sufficient, and the Government is entitled to rely on circumstantial evidence to carry its burden." United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks and citations omitted). "[S]o long as a firearm's location makes it readily available to protect either the participants themselves during the commission of the illegal activity or the drugs and cash involved in the drug business, there will be sufficient evidence to connect the weapon to the offense conduct." Id. at 629 (internal quotation marks, brackets, and citation omitted).

The evidence showed that Carranza left his loaded handgun in his vehicle when he went inside a store to consummate

5

a cocaine transaction. Although he did not take the gun into the store with him while he consummated the deal, it was readily available to him during the transportation phase of the transaction. We do not find that the district court erred in applying the enhancement.

Carranza's last challenge to the district court's Guidelines calculation is to its denial of any offense level reduction for acceptance of responsibility. We review such a denial for clear error. United States v. Pauley, 289 F.3d 254, 261 (4th Cir. 2002). "[I]n most cases district courts are uniquely qualified to evaluate whether to grant or deny a sentence reduction for acceptance of responsibility." United States v. Hargrove, 478 F.3d 195, 198 (4th Cir. 2007).

Although the acceptance of responsibility reduction "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt," conviction through trial "does not automatically preclude a defendant from consideration for such a reduction." USSG § 3E1.1 cmt. n.2. For instance, a reduction may still be appropriate where a defendant admits guilt but goes to trial to preserve a constitutional challenge to a statute. Id.

Carranza's two convictions were properly grouped for purposes of applying the Guidelines. "[O]nce a court groups

6

appropriate counts and determines the initial combined offense level for the grouped counts, it then decides whether any adjustments to the offense level—including that for acceptance of responsibility—should be made for the grouped offense." Hargrove, 478 F.3d at 199. A defendant must "accept responsibility for the grouped guidelines counts in order to be eligible for the reduction in offense level for that particular 'offense.'" Id. at 200.

Carranza denied responsibility for the conspiracy charge by going to trial on the issue of his guilt, and he continues to deny responsibility in his appellate filings. By putting the Government to its proof on this charge, Carranza failed to accept responsibility for the grouped offense. The district court did not clearly err in its denial of a reduction for acceptance of responsibility.

Lastly, Carranza claims that his sentence was unreasonable because it was substantially longer than the sentences of similarly-situated defendants. We review a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The scant information that we possess about the two defendants cited by Carranza—his brother, Ebedo Carranza-Aguirre and Livengood—indicates that they are not similarly situated. The district court found Carranza to be the manager of the conspiracy;

Livengood, for one, was a customer. Moreover, Carranza was the only one of the three to go to trial. Carranza has failed to overcome the presumption of reasonableness that attaches to his within-Guidelines sentence on appeal.

We therefore affirm Carranza's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED