**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4486**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CARL CUTRO,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.   Norman K. Moon, Senior District Judge.  (3:10-cr-00034-nkm-1)

_____

Submitted:  September 8, 2011    Decided:  December 20, 2011

_____

Before MOTZ, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael T. Hemenway, THE LAW OFFICES OF MICHAEL T. HEMENWAY, Charlottesville, Virginia, for Appellant.   Timothy J. Heaphy, United States Attorney, Roanoke, Virginia; Ronald M. Huber, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Cutro challenges both a two-level obstruction enhancement and a denial of a two-level acceptance of responsibility reduction of his sentence stemming from his assault on a government informant Cutro believed provided information leading to his arrest. For the reasons that follow, we affirm.

I.

A.

During the summer of 2010, Cutro was under investigation for theft of guns and merchandise from a Greene County, Virginia pawnshop. At the same time, Keith Marks--a friend of Cutro's--was cooperating with a local drug task force, serving as a confidential informant and making undercover buys.

On August 31, 2010, Cutro was arrested and charged with being a felon in possession of a firearm. After his arrest, Cutro admitted to his involvement in various gun thefts. During questioning, Cutro was asked about certain sawed-off shotguns that he and Marks had attempted to sell. The question led Cutro to conclude that Marks had been cooperating with authorities.

On September 27, 2010, Cutro pleaded guilty to three charges: being a felon in possession of a firearm, in violation

of 18 U.S.C. § 922(g)(1) (Count One); the theft of firearms from a Federal Firearms Licensee, in violation of 18 U.S.C. § 922(u) (Count Two); and the interstate transportation of stolen merchandise, in violation of 18 U.S.C. § 2314 (Count Three). While awaiting sentencing, Cutro was confined at the Central Virginia Regional Jail in the Western District of Virginia, where Marks was also being held. Cutro was able to enter Marks's cellblock and assault him. Marks later told investigators that during the assault, Cutro repeatedly said, "You had better not testify against me." S.J.A. 107. When investigators subsequently interviewed Cutro he admitted that he gained access to Marks's cellblock by falsely telling a jail guard that he belonged there. Cutro also admitted that he struck Marks, causing him to fall to the ground, and continued to assault Marks until help arrived.

On November 10, 2010, a federal grand jury returned a two-count indictment, charging Cutro with causing bodily injury to Marks with the intent to retaliate against him for information he provided to law enforcement, in violation of 18 U.S.C. 1513(b)(2) (Count One); and assault with the intent to influence, delay, and prevent testimony of Marks in an official proceeding, in violation of 1512(a)(2)(A) (Count Two).

On March 7, 2011, Cutro pleaded guilty to Count One in exchange for the dismissal of Count Two. The plea agreement

3

provided that Cutro would be incarcerated for 24 months on Count One.

B.

On April 18, 2011, a combined sentencing hearing was held before the district court where Cutro was to be sentenced on the original firearms convictions and the retaliation conviction. For the firearms convictions, the district court determined Cutro's criminal history category to be IV and calculated his offense level as 24. This offense level included a two-level enhancement for obstruction of justice for Cutro's attack on Marks. Also as a result of the attack, Cutro was denied a reduction in his offense level for acceptance of responsibility. Cutro's sentencing guidelines range for the firearms convictions was between 77 and 96 months' imprisonment. The district court sentenced Cutro to 84 months' imprisonment on the firearms convictions.

For the retaliation conviction, Cutro was sentenced to 24 months incarceration, pursuant to the plea agreement, to run consecutively with the sentence on the firearms convictions. This appeal followed.

4

II.

The issues before us on appeal are whether the district court erred in imposing a two-level enhancement for obstruction of justice and denying Cutro a two-level adjustment for acceptance of responsibility in calculating his offense level for the firearms convictions. We consider each issue in turn.

A.

We first consider Cutro's argument that the district court erred in imposing a two-level enhancement for obstruction of justice in calculating his guidelines range for the firearms conviction. The district court's ultimate determination of whether particular conduct constitutes obstruction of justice pursuant to U.S.S.G. § 3C1.1 is a legal question we review de novo. United States v. Saintil, 910 F.2d 1231, 1232 (4th Cir. 1990). We review the district court's underlying factual findings for clear error. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). However, where, as here, the defendant failed to object to the enhancement in the district court, this court reviews for plain error. United States v. Wells, 163 F.3d 889, 900 (4th Cir. 1998).

Cutro challenges the two-level increase because he had already pleaded guilty on the firearms charges--all the charges

5

for which Marks could have been a witness. Because Marks could no longer be a witness against him, Curtro argues, the assault did not obstruct justice.

A defendant may receive a two-point enhancement to his offense level if he obstructs or impedes justice pursuant to U.S.S.G § 3C1.1, which states:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the level by 2 levels.

Application Note 3 of § 3C1.1 states:

> Obstructive conduct can vary widely in nature. . . . Application Note 4 sets forth examples of the types of conduct to which this adjustment is intended to apply. Application Note 5 sets forth examples of less serious forms of conduct to which this enhancement is not intended to apply. . . . Although the conduct to which this adjustment applies is not subject to precise definition, comparison of the examples set forth in Application Notes 4 and 5 should assist the court in determining whether application of this adjustment is warranted in a particular case.

The examples in note 4 include "threatening, intimidating, or otherwise unlawfully influencing a . . . witness. . . or attempting to do so," and "other conduct prohibited by obstruction of justice provisions under Title 18, United States Code (e.g., 18 U.S.C. §§ 1510, 1511)." U.S.S.G. § 3C1.1 n.4(A),

6

(I) (2011).  The examples in note 5 consist of various types of false statements and fleeing from arrest.

Comparing the examples of conduct to which the enhancement applies to the examples of conduct to which the enhancement does not apply, we conclude that Cutro's assault on Marks subjects him to enhancement under § 3C1.1.  First, the evidence shows that Cutro assaulted Marks because Marks was a potential witness against him.[1]  This behavior constitutes an attempt to unlawfully influence a witness.  Second, for the assualt on Marks, Cutro pleaded guilty to violating 18 U.S.C. 1513--retaliating against a witness--one of the "obstruction of justice provisions" referred to in note 4.[2]  Accordingly, we find

---

[1] It is of no moment that the assault took place after Cutro was convicted of the crimes for which Marks could be a witness to.  Indeed, the guidelines specifically contemplate that the enhancement would be applied to activity taking place after conviction.  See U.S.S.G. § 3C1.1 (covering activity that relates "to the investigation, prosecution, or sentencing" (emphasis added)).  In addition, there is always the possibility that Marks could be called to testify later should Cutro's convictions be vacated.  Cutro appears to have considered such a possibility when he said to Marks, while striking him, "You had better not testify against me."

[2] In making a similar argument, the government quotes the guidelines as stating that obstruction of justice includes "conduct prohibited by 18 U.S.C. §§ 1501-1516."  Appellee's Br. 10.  We could, at first, not locate the quoted language in § 3C1.1.  After some investigation, we discovered why: the quoted language was removed from the guidelines by amendment in 1997.  See U.S.S.G. Appendix C n.566.  We take this opportunity to remind the government of the importance of accurate citation.

7

no error in the district court's application of the obstruction of justice enhancement.

### B.

We next consider Cutro's argument that the district court committed procedural error by refusing to grant Cutro a two-level reduction for acceptance of responsibility in calculating his guidelines range for the firearm convictions. This challenge is subject to de novo review. See United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009).

Cutro argues that the district court committed procedural error by concluding that it was precluded from simultaneously imposing both acceptance of responsibility and obstruction of justice adjustments. This argument is without merit. Although it would have been error for the district court to find itself so precluded--see U.S.S.G. § 3E1.1(a) n.4; United States v. Hargrove, 478 F.3d 195, 202 (4th Cir. 2007)--Cutro points to nothing in the record--nor do we find anything on independent review--to suggest that the district court came to any such conclusion. Accordingly, we affirm the district court's denial of an acceptance of responsibility adjustment.

III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.