**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4352**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

ANTONIO PERRIN, a/k/a Antonio Hill,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:11-cr-00318-TDS-1)

———————

Submitted:  December 23, 2013        Decided:  January 15, 2014

———————

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN,
Winston-Salem, North Carolina, for Appellant.  Ripley Rand,
United States Attorney, Lisa B. Boggs, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Perrin appeals the 175-month sentence imposed after he pled guilty, without a plea agreement, to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2012), and one count of tampering with a witness, in violation of 18 U.S.C. § 1512(b)(1), (b)(2)(A) (2012). Perrin was initially indicted on the felon in possession count. During the investigation, officers learned of Perrin's efforts to convince a witness to change his statement to deny that Perrin possessed the firearm. As a result, a superseding indictment was returned that added the witness tampering count. On appeal, Perrin argues that the district court erred in imposing an enhancement for obstruction of justice because the enhancement results in double counting. He also argues that the court erred in denying him a reduction for acceptance of responsibility. Finally, he asserts that the sentence is unreasonable because the district court focused primarily on his criminal history and failed to adequately consider his mitigating circumstances. We affirm.

This court reviews a sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In evaluating procedural reasonableness, we consider whether the

2

district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence supported by the record, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51; see also United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (sentencing court "must make an individualized assessment based on the facts presented") (citation and emphasis omitted). If the sentence is free of procedural error, we review it for substantive reasonableness, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

Perrin first argues that the enhancement for obstruction of justice was improperly imposed in contravention of Application Note 7 to U.S. Sentencing Guidelines Manual (USSG) § 3C1.1 (2012), which generally prohibits application of the enhancement when the underlying conviction is an obstruction offense. He asserts that, because the witness tampering count carried a higher statutory maximum punishment, and he received the Guidelines maximum because of the increased statutory maximum as compared to the ten-year maximum on the felon in possession count, his obstructive conduct was double counted.

3

The probation officer applied Application Note 8 of USSG § 3C1.1, which Perrin does not discuss on appeal, to determine the offense level for both counts. That application note provides that if a defendant is convicted of an obstruction offense and an underlying offense to which the obstructive conduct related, the counts are grouped pursuant to USSG § 3D1.2. The offense level for that group is the offense level for the underlying offense increased by the two-level enhancement for obstruction of justice, or the offense level for the obstruction offense, whichever is greater. USSG § 3C1.1 cmt. n.8; see also United States v. Jones, 716 F.3d 851, 858-59 (4th Cir.) (discussing grouping of counts involving substantive offenses and witness tampering), cert. denied, 134 S. Ct. 496 (2013).

Because the felon in possession count yielded the higher offense level, it was used to calculate the offense level for the group, and the obstruction enhancement was properly applied to that calculation. Perrin's argument regarding the greater statutory maximum applicable to the witness tampering count is of no moment, as he pled guilty to that charge, and the increased maximum punishment is the mere result of his conduct. We conclude that no double counting occurred, and the enhancement for obstruction of justice was properly imposed.

Perrin next argues that the district court erred in denying him a reduction for acceptance of responsibility. When the district court recognizes that it has the legal authority to grant a reduction for acceptance of responsibility but declines to do so, this court reviews its factual determinations for clear error. United States v. Hargrove, 478 F.3d 195, 198 (4th Cir. 2007). The Guidelines provide that entry of a guilty plea does not automatically entitle a defendant to a reduction for acceptance of responsibility, and a defendant's conduct that supports an enhancement for obstruction of justice is ordinarily inconsistent with acceptance of responsibility. USSG § 3E1.1 cmt. n.3, 4; see also United States v. Knight, 606 F.3d 171, 175-77 (4th Cir. 2010) (upholding denial of reduction for acceptance of responsibility where defendant received obstruction enhancement for absconding from pretrial supervision).

In this case, the district court acknowledged its authority to award a reduction for acceptance of responsibility notwithstanding the obstruction enhancement, but found "that this is not an extraordinary case that would warrant acceptance of responsibility in the face of obstruction of justice under the facts as they are set forth in this case." Perrin properly received an enhancement for obstruction of justice. The conduct supporting that enhancement — encouraging a witness to recant

his statement to authorities and possibly commit perjury – belies Perrin's assertion that he accepted responsibility for his criminal conduct. Giving the district court's evaluation the great deference it is due, USSG § 3E1.1 cmt. n.5, the acceptance reduction was properly denied.

Lastly, Perrin argues that the district court imposed an unreasonably lengthy sentence because it failed to adequately consider and account for mitigating circumstances. Perrin asserts that, in determining his sentence, the district court focused almost exclusively on his criminal history and made only passing reference to the mitigating factors of his age, limited education, significant mental health and drug problems, and his desire to turn from his life of crime. We disagree.

The district court thoroughly discussed Perrin's criminal history, the seriousness of the instant offenses, and the need to deter him from future criminal conduct, to protect the public from his crimes, to provide just punishment, and promote respect for the law. The court also correctly noted that Perrin's mental health and drug abuse issues could be addressed by the Bureau of Prisons, and recommended treatment for those conditions. The court also noted the testimony of Perrin's sentencing witness, a counselor in a jail ministry program, and encouraged Perrin to continue his commitment to change his life. We conclude that the district court

sufficiently articulated an individual application of the § 3553(a) factors to Perrin, and adequately explained its sentence.

Finally, Perrin's sentence is within the properly calculated Guidelines range and is thus presumed reasonable. Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Perrin has failed to establish any basis to rebut the presumption.

Accordingly, we affirm Perrin's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED