**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4119**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

MARCELLUS EDWARD CHEATHAM, III,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Henry Coke Morgan, Jr., Senior District Judge. (4:12-cr-00111-HCM-LRL-1)

———————

Submitted: October 31, 2014      Decided: February 10, 2015

———————

Before MOTZ, KING, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Vaughan C. Jones, JOHNSON & JONES, LLP, Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, Howard J. Zlotnick, Assistant United States Attorney, Newport News, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcellus Edward Cheatham, III, was charged in a five-count superseding indictment for interference with commerce by robbery (count one); brandishing a firearm during a crime of violence (count two); felon in possession of a firearm (count three); felon in possession of ammunition (count four); and possession with intent to distribute a schedule II controlled substance (count five). On the morning the trial was to begin, Cheatham pleaded guilty to counts one and five and proceeded to trial on the remaining counts. Count three was dismissed under Federal Rule of Criminal Procedure 29, and a jury found Cheatham guilty of counts two and four. He received a total sentence of 235 months.

On appeal, Cheatham challenges the district court's denial of his motion for a mistrial based on improper remarks by the prosecutor, the court's denial of his motion to suppress evidence, the sufficiency of evidence on the counts on which the jury found him guilty, the sentencing enhancements for his role in the offense and obstruction of justice, and the denial of a sentencing reduction for acceptance of responsibility. Finding no error, we affirm.

Cheatham first argues that the district court erred in not granting his motion for a mistrial after the Assistant United States Attorney questioned Cheatham about sentencing

consequences during his cross-examination. We review the denial of a motion for mistrial for an abuse of discretion. United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008); see also United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997) ("[D]enial of a defendant's motion for a mistrial is within the sound discretion of the district court and will be disturbed only under the most extraordinary of circumstances."). In order to show an abuse of discretion in denying a motion for a mistrial, a defendant must show prejudice. No prejudice exists "if the jury could make individual guilt determinations by following the court's cautionary instructions." Wallace, 515 F.3d at 330 (quoting United States v. Dorsey, 45 F.3d 809, 817 (4th Cir. 1995)).

"A prosecutor's improper [remarks] may so infect the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Lighty, 616 F.3d 321, 359 (4th Cir. 2010) (internal quotation marks and alteration omitted) (discussing remarks made during closing argument). We will reverse a conviction based on improper prosecutorial remarks only if "the remarks were, in fact, improper, and . . . the improper remarks so prejudiced the defendant's substantial rights that the defendant was denied a fair trial." Id. (internal quotation marks omitted). In assessing prejudice, this court considers

(1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury.

United States v. Wilson, 624 F.3d 640, 656-57 (4th Cir. 2010). These factors are to be viewed in the context of the trial as a whole, and no single factor is dispositive. Lighty, 616 F.3d at 361.

Our assessment of the record in light of the above factors leads us to conclude that Cheatham was not so prejudiced by the prosecutor's problematic remarks that he was denied a fair trial. They were isolated and in response to defense counsel's questioning of Cheatham on direct examination about the potential punishment he faced. Further, the court instructed the jury that evidence where an objection was sustained by the judge must be disregarded, that statements by lawyers are not evidence, and that punishment "is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused." J.A. 516.

Cheatham next challenges the district court's ruling denying his motion to suppress evidence based on the arresting

4

officers conducting a protective sweep of his residence prior to the arrival of police with a search warrant. He argues that the entry of Richmond police officers into his home to conduct a protective sweep was an illegal search. We review the district court's factual findings regarding the motion to suppress for clear error, and the court's legal conclusions de novo. United States v. Burgess, 684 F.3d 445, 452 (4th Cir. 2012); United States v. Edwards, 666 F.3d 877, 882 (4th Cir. 2011). When, as here, a motion to suppress has been denied, the court views the evidence presented in the light most favorable to the government. United States v. McBride, 676 F.3d 385, 391 (4th Cir. 2012).

The need to preserve evidence and the concern for officer safety are important law enforcement goals. United States v. Watson, 703 F.3d 684, 693 (4th Cir. 2013). With respect to officer safety, "the protection of police officers is of particular concern in cases in which both drugs and firearms are the subject of a pending search warrant." Id. "[P]olice officers need to be assured that the persons with whom they are dealing are not 'armed with, or able to gain immediate control of, a weapon that could unexpectedly and fatally be used against [the officers].'" Id. (quoting Maryland v. Buie, 494 U.S. 325, 333-34 (1990) (holding that a protective sweep when executing an arrest warrant at a residence does not require probable cause)).

5

We conclude that the district court did not clearly err in determining that, considering the totality of the circumstances, police legally conducted a protective sweep of the residence. The denial of the motion to suppress was therefore proper.

Cheatham next challenges the sufficiency of the evidence to support the jury verdicts. For his conviction for brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (2012), Cheatham claims that there was insufficient evidence to prove that he brandished a real firearm and not a simulated one. As to his conviction for possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012), Cheatham argues that there was insufficient evidence to suggest that he exercised dominion or control over the ammunition.

We review de novo a district court's denial of a motion made pursuant to Rule 29 of the Federal Rules of Criminal Procedure for judgment of acquittal. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). We must uphold a jury verdict "if there is substantial evidence, viewed in the light most favorable to the Government," to support it. Burks v. United States, 437 U.S. 1, 17 (1978). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94

F.3d 849, 862 (4th Cir. 1996). "In applying this standard of review, we must remain cognizant of the fact that '[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented, and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe.'" Id. (quoting United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994)).

After reviewing the evidence as a whole, we conclude that there was sufficient evidence to support the jury's findings that Cheatham brandished a firearm and possessed the ammunition found during the execution of the search warrant. The jury was entitled to reject Cheatham's testimony that he brandished a simulated firearm in the form of a cell phone and that he did not exercise dominion or control over the ammunition. It is the jury's function to weigh the credibility of witnesses and to resolve conflicts in the evidence. United States v. Dinkins, 691 F.3d 358, 387 (4th Cir. 2012). The jury's determinations regarding witness credibility and conflicting evidence will not be disturbed if supported by substantial evidence, "even if we were inclined to draw contrary inferences." United States v. Gomez-Jimenez, 750 F.3d 370, 379 (4th Cir.), cert. denied, 135 S. Ct. 305 (Oct. 6, 2014) (No. 14-5921) & 135 S. Ct. 384 (Oct. 14, 2014) (No. 14-6102). Here, substantial evidence supported the jury's decision on the brandishing count because the

7

pharmacist testified that Cheatham robbed him at gunpoint. Substantial evidence also supported the jury's determination on the possession of ammunition count because Cheatham testified he was living in the house where the police recovered the ammunition, and the ammunition "w[as] not so well hidden, as to prohibit a reasonable fact finder from concluding that [the defendant] was aware of [its] presence." United States v. Shorter, 328 F.3d 167, 172 (4th Cir. 2003).

Cheatham next challenges the two-level sentencing enhancement applied for being a manager or supervisor under U.S. Sentencing Guidelines Manual § 3B1.1(c) (2012). A defendant qualifies for the two-level enhancement "[i]f [he] was an organizer, leader, manager, or supervisor in any criminal activity [that did not involve five or more participants]." USSG § 3B1.1(c). Application of the enhancement is proper when the defendant exercises "[l]eadership over only one other participant . . . as long as there is some control exercised." United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003). The evidence supported the conclusion that Cheatham supervised or organized the activities of at least "Zeek" Walton in their dealings while planning and after the robbery. The government introduced text messages in which Cheatham and Walton discussed the location of the pharmacy to rob, who would drive, and how to split the proceeds. Cheatham also directed Walton to delete

8

pictures and text messages from his phone. Therefore, the district court did not clearly err in applying the enhancement. See United States v. Kellam, 568 F.3d 125, 147-48 (4th Cir. 2009) (stating standard of review).

Next, Cheatham challenges the district court's decision to apply an enhancement for obstruction of justice under USSG § 3C1.1. The court ruled that the enhancement applied based on the fact that Cheatham arrived on the day of trial and withdrew his notice of an alibi defense and pleaded guilty to the robbery, that he committed perjury regarding whether he pointed a cell phone or a firearm at the pharmacist, and that he directed a coconspirator to erase incriminating text messages and photos from his phone. On appeal, Cheatham argues that he should not be penalized for planning to utilize an alibi defense and testifying on his own behalf, his actions did not impede the government's investigation, and there was insufficient evidence that the messages and photos that Cheatham directed Walton to erase were incriminating.

Under USSG § 3C1.1, an enhancement for obstruction of justice is permitted if:

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any

relevant conduct; or (B) a closely related offense . . . .

Committing perjury qualifies a defendant for the enhancement. USSG § 3C1.1 cmt. n.4(B). The adjustment for perjury is not applicable merely because the defendant testified and subsequently was convicted. United States v. Dunnigan, 507 U.S. 87, 95 (1993). Instead, the court must find that the defendant gave false testimony under oath "concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." Id. at 94; United States v. Smith, 62 F.3d 641, 646-57 (4th Cir. 1995).

"In assessing whether a sentencing court properly applied the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo." United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008). We conclude that, under the above authorities, the district court correctly applied the enhancement. Cheatham's notice of an alibi defense alleged that Cheatham was at his home at the time of the robbery and offered the names of three witnesses who would testify on his behalf, including his mother. The government was forced to prepare to rebut the alibi defense because it was not withdrawn until the morning of trial, at which time Cheatham admitted to the robbery. The false alibi thus impeded the investigation. Cheatham also instructed his

10

coconspirator to delete text messages and photos, which the district court found as a fact was an attempt to obstruct the prosecution of the case or impede the administration of justice. See United States v. Malki, 609 F.3d 503, 511 (2d Cir. 2010) (finding the obstruction enhancement supported by, among other things, the defendant deleting cell phone records before an interview with government agents and erasing emails afterward). Finally, the court's finding of perjury based on Cheatham's testimony also supports the enhancement. The jury did not believe Cheatham's testimony that he did not possess a firearm at the time of the robbery, which was a material matter and was intended to deceive the court and jury. The jury also did not believe Cheatham's testimony that he did not possess or control the ammunition found in his home. See United States v. Curry, 461 F.3d 452, 461 (4th Cir. 2006) (noting that the sentencing court is bound to accept the facts implicit from the jury verdict).

Finally, Cheatham argues that the district court erred in denying a reduction for acceptance of responsibility when he pleaded guilty to two counts and acknowledged his associated criminal conduct. He submits that the court (1) improperly did not give its reasons and (2) should not have withheld the reduction because he decided to go to trial on the remaining three counts, one of which was dismissed.

11

As to Cheatham's first contention, the district court must make "adequate findings as to a controverted matter." United States v. Morgan, 942 F.2d 243, 245 (4th Cir. 1991). If "the district court fails to resolve a disputed factual matter on which it necessarily relied at sentencing, this court must vacate the sentence and remand for resentencing." Id. Although the district court in this case did not explain why it denied the reduction, it did make an express finding that Cheatham did not qualify for acceptance of responsibility. It also made factual findings when discussing the obstruction enhancement that relate to acceptance of responsibility.

Turning to Cheatham's second contention, the district court's determination that a defendant is not entitled to an adjustment for acceptance of responsibility is reviewed for clear error. United States v. Knight, 606 F.3d 171, 177 (4th Cir. 2010). A guilty plea generally is an indication of acceptance of responsibility; however, conduct that results in an adjustment for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," although in "extraordinary cases" both adjustments may apply. USSG § 3E1.1 cmt. n.4. The "question of whether a defendant who obstructed justice is entitled to an acceptance-of-responsibility reduction [is] a largely factual

12

matter to be determined by the district court." Knight, 606 F.3d at 176.

We conclude that the district court did not err in denying the reduction for acceptance of responsibility where Cheatham committed perjury and the court determined that he had obstructed justice. Although the application of § 3C1.1 does not automatically disqualify the defendant from receiving the § 3E1.1 reduction, it is rare that both Guidelines provisions apply. USSG § 3E1.1 cmt. n.2. Cheatham argues that United States v. Hargrove, 478 F.3d 195 (4th Cir. 2007) demonstrates that it is error to deny the reduction where a defendant has pleaded guilty to some charges, but denied other related charges. In Hargrove, we remanded to the district court when the court stated that it could not apply both the obstruction of justice and acceptance of responsibility provisions. Hargrove, 478 F.3d at 201-02. Here, the district court acknowledged that it had the discretion to apply both provisions, but determined that the facts did not support it. We therefore conclude that the court did not err in denying the reduction.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

13