**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4663**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SERGIO LOPEZ REYNA, a/k/a La Cra,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever, III, Chief District Judge. (5:13-cr-00205-D-1)

———————————

Submitted: April 13, 2015        Decided: May 26, 2015

———————————

Before AGEE, WYNN, and DIAZ, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Elisa Cyre Salmon, SALMON & GILMORE, LLP, Lillington, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sergio Lopez Reyna appeals the aggregate 171-month, within-Guidelines sentence imposed following his guilty pleas to carjacking, in violation of 18 U.S.C. §§ 2119, 2 (2012), and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2 (2012). Reyna argues on appeal that the district court was required to hold an evidentiary hearing on the application of the three-level leadership enhancement, clearly erred when it applied this enhancement, clearly erred when it refused to apply a two-level reduction for acceptance of responsibility, and imposed a substantively unreasonable sentence. We affirm.

Reyna first challenges the district court's failure to conduct an evidentiary hearing on his objection to the leadership enhancement. Ordinarily, we review the district court's denial of an evidentiary hearing at sentencing for abuse of discretion. See United States v. Pologruto, 914 F.2d 67 (5th Cir. 1990). Issues raised for the first time on appeal, however, are reviewed for plain error only. Henderson v. United States, 133 S. Ct. 1121, 1125, 1126 (2013); see Fed. R. Crim. P. 52(b). Although the parties disagree as to whether Reyna preserved the issue, we need not resolve this dispute because we conclude the district court did not abuse its discretion.

"Where the reliability of evidence is an issue[,] the court should conduct an evidentiary hearing to determine the same." United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010) (internal alteration and quotation marks omitted). While "the court must ensure that the parties have an adequate opportunity to present relevant information [on a disputed issue]," there is no affirmative requirement that the court allow live testimony. U.S. Sentencing Guidelines Manual § 6A1.3, cmt. (2013). After review of the record, we conclude Reyna was provided an adequate opportunity to present information relevant to the disputed leadership enhancement, and we therefore discern no error.

Next, Reyna argues that the district court clearly erred when it applied the three-level leadership enhancement. We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first ensure that the district court committed no "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. Id.

The district court's imposition of a role adjustment is a factual determination reviewed for clear error. United States

3

v. Kellam, 568 F.3d 125, 147-48 (4th Cir. 2009). A three-level enhancement under USSG § 3B1.1(b) is warranted if "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants." To qualify for such an enhancement, the defendant must have managed or supervised "one or more other participants." USSG § 3B1.1, cmt. n.2. The enhancement is appropriate where the evidence demonstrates that the defendant "controlled the activities of other participants" or "exercised management responsibility." United States v. Slade, 631 F.3d 185, 190 (4th Cir. 2011).

We conclude that the district court did not clearly err when it applied this enhancement. Reyna chose the location for the carjacking; instructed a coconspirator how to get to the club and where to park; and directed two coconspirators to approach the victim with him.

Next, Reyna contends the district court should have applied a two-level reduction for acceptance of responsibility, arguing that the court erroneously considered that he denied personally possessing the firearm underlying the brandishing charge. The determination of whether a defendant merits an acceptance of responsibility adjustment is a factual issue and thus reviewed for clear error. United States v. Burns, ___ F.3d ___, 2015 WL 615678, at *4 (4th Cir. Feb. 13, 2015). "[T]he sentencing judge is in a unique position to evaluate a defendant's acceptance of

4

responsibility, and thus . . . the determination of the sentencing judge is entitled to great deference on review." Elliott v. United States, 332 F.3d 753, 761 (4th Cir. 2003) (internal alteration and quotation marks omitted). This court may reverse the district court's finding only when "left with the definite and firm conviction that a mistake has been committed." United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007) (internal quotation marks omitted).

We perceive no clear error in the district court's decision. As the district court concluded, Reyna frivolously denied relevant conduct by denying possessing or brandishing a firearm during the carjacking. The district court is permitted to consider a defendant's denial of facts underlying a § 924(c) charge in deciding whether to grant the reduction. See United States v. Hargrove, 478 F.3d 195, 201 (4th Cir. 2007).

Finally, Reyna contends that his sentence is substantively unreasonable. If a sentence is procedurally reasonable, we then consider whether it is substantively reasonable, "taking into account the totality of the circumstances." Gall, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295,

5

306 (4th Cir.) (citation omitted), <u>cert. denied</u>, 135 S. Ct. 421 (2014).

We conclude that Reyna has failed to rebut the presumed reasonableness of his within-Guidelines sentence. The district court weighed Reyna's lack of a criminal history against the conduct underlying his convictions and concluded that a sentence within the Guidelines range was necessary to reflect the serious nature of the offense and to protect the public and provide general deterrence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

<u>AFFIRMED</u>
