**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4336**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

SIMON ALLEN, JR.,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Anderson. Timothy M. Cain, District Judge. (8:14-cr-00324-TMC-2)

_____

Submitted: February 25, 2016      Decided: March 11, 2016

_____

Before AGEE, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James R. Battle, BATTLE LAW FIRM, LLC, Conway, South Carolina, for Appellant. William N. Nettles, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Simon Allen, Jr., appeals his 12-month-and-one-day sentence imposed after he pled guilty without a plea agreement to one count of conspiracy to defraud the Government, in violation of 18 U.S.C. § 371 (2012). Allen's sole argument is that the district court erred when it refused to reduce his offense level for acceptance of responsibility. According to Allen, because he was represented by counsel during the criminal proceedings against him, his pro se filings were not properly before the district court. Thus, Allen asserts that the district court violated his Sixth Amendment right to counsel when it considered the pro se filings as a reason to deprive him of an acceptance of responsibility reduction. Finding no error, we affirm.

Under U.S. Sentencing Guidelines Manual § 3E1.1 (2013), a district court is instructed to decrease a criminal defendant's offense level by two levels if the defendant "clearly demonstrates acceptance of responsibility for his offense," and to decrease it by one additional level if the Government files a motion and the offense level prior to the two-level reduction was 16 or higher. To earn the reduction, however, the defendant must prove by a preponderance of the evidence "that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996).

The commentary to the Guidelines provides a non-exclusive list of "appropriate considerations" to determine whether a defendant is entitled to an acceptance of responsibility reduction. USSG § 3E1.1 cmt. n.1. Most relevant to this appeal, a reduction should be given if the defendant "truthfully admit[s] the conduct comprising the offense(s) of conviction, and truthfully admit[s] or [does] not falsely deny[] any additional relevant conduct for which the defendant is accountable[.]" USSG § 3E1.1 cmt. n.1(A). On the other hand, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility[.]" USSG § 3E1.1 cmt. n.1(A). We have reviewed the record and have considered the parties' arguments and find no error in the district court's determination that Allen's offense level should not be reduced for acceptance of responsibility. See United States v. Hargrove, 478 F.3d 195, 198 (4th Cir. 2007) (recognizing that district court acceptance of responsibility determination is reviewed for clear error as "district courts are uniquely qualified to evaluate whether to grant or deny a sentence reduction for acceptance of responsibility").

Although Allen summarily states that the district court violated his Sixth Amendment rights when it considered his pro se filings, we discern no merit to this argument. Admittedly,

3

the Sixth Amendment right to counsel, once invoked, "protects a suspect against the deliberate elicitation of incriminating statements in the absence of his attorney." United States v. Payne, 954 F.2d 199, 203 (4th Cir. 1992). Thus, "[t]he Sixth Amendment functions to protect the unaided layman at critical confrontations with his expert adversary, the government, after the adverse positions of government and defendant have solidified with respect to a particular alleged crime." Id. (internal quotation marks and brackets omitted). Here, Allen was represented by competent counsel yet he chose to confront the Government and take positions inconsistent with one expressing repentance for criminal conduct. The Government did not solicit these communications from Allen; Allen chose to send them of his own volition and wanted them to be considered by the district court. Accordingly, we discern no Sixth Amendment violation.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4