**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4408

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TASHAN JAMAR STERN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Timothy M. Cain, District Judge. (6:16-cr-00536-TMC-4)

Submitted: January 30, 2018                    Decided: February 1, 2018

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

C. Frederic Marcinak, SMITH MOORE LEATHERWOOD LLP, Greenville, South Carolina, for Appellant. Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tashan Jamar Stern appeals his conviction and the 188-month sentence imposed after he pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(l), 846 (2012). Stern's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding there are no meritorious grounds for appeal, but questioning whether the district court correctly denied Stern a reduction in his offense level for acceptance of responsibility and held him accountable for 977.9 grams of methamphetamine. Stern filed a pro se supplemental brief, asserting for the first time on appeal that his offense level should have been reduced based on his minor role in the conspiracy.[*] The Government has declined to file a responsive brief. Finding no error, we affirm.

Although we review Stern's sentence for reasonableness, applying an abuse-of-discretion standard, *see Gall v. United States*, 552 U.S. 38, 46 (2007), we review unpreserved, non-structural sentencing errors for plain error, *see Lynn*, 592 F.3d at 575–76. Our review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. We first assess whether the district

---

[*] We have considered Stern's argument but conclude that Stern has established no plain error by the district court. *See United States v. Lynn*, 592 F.3d 572, 576-77 (4th Cir. 2010) (reiterating that, to establish plain error, the appealing party must show that an error: "(1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights[,]" and that this court will exercise its discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings" (internal quotation marks omitted)).

court properly calculated the advisory Sentencing Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Id.* at 49–51; *Lynn*, 592 F.3d at 575–76. If we find no procedural error, we review the sentence for substantive reasonableness, "examin[ing] the totality of the circumstances[.]" *United States v. Mendoza–Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable" and "[s]uch a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We conclude that Stern's sentence is reasonable. The district court correctly calculated Stern's Guidelines range, listened to counsel's arguments, and adequately explained its reasons for imposing the 188-month sentence. As counsel correctly concedes, the district court did not clearly err when it denied Stern an offense level reduction for acceptance of responsibility, in accordance with U.S. Sentencing Guidelines Manual § 3E1.1 (2016), based on Stern's post-plea denial of participation in the underlying conspiracy. *See* USSG § 3E1.1 cmt. n.1(A) ("[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility[.]"); *see also United States v. Hargrove*, 478 F.3d 195, 198 (4th Cir. 2007) (recognizing that an acceptance of responsibility determination is reviewed for clear error as "district courts are uniquely

3

qualified to evaluate whether to grant or deny a sentence reduction for acceptance of responsibility").

Nor do we discern any clear error in the district court's determination that Stern should be held accountable for the total amount of drugs involved in the conspiracy. *See* USSG § 1B1.3(a)(1)(B) (providing that a defendant's base offense level is determined on the basis of, "in the case of a jointly undertaken criminal activity . . . , all acts and omissions of others that were . . . reasonably foreseeable in connection with that criminal activity[,]" and "that occurred during the commission of the offense of conviction"); *see also United States v. Hicks*, 948 F.2d 877, 881 (4th Cir. 1991) ("The calculation of the amount of drugs which results in the establishment of the base offense level is a factual determination subject to review only for clear error."). Thus, the claimed procedural sentencing error lacks merit. And because Stern offers nothing to rebut the presumption of substantive reasonableness this court affords his within-Guidelines sentence, we conclude that Stern's sentence is reasonable.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires counsel to inform Stern, in writing, of the right to petition the Supreme Court of the United States for further review. If Stern requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Stern. We dispense with oral argument because the

facts and legal arguments are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*