**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-4068**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ZACHARIAS CHRISTOPHER LEE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:18-cr-00212-RJC-DSC-1)

Submitted:  August 19, 2020                    Decided:  September 22, 2020

Before NIEMEYER, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Denzil H. Forrester, THE LAW OFFICES OF DENZIL H. FORRESTER, Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zacharias Christopher Lee appeals the 70-month sentence imposed after he pled guilty without a plea agreement to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Lee challenges the procedural and substantive reasonableness of his sentence. Finding no error, we affirm.

We "review a sentence for reasonableness 'under a deferential abuse-of-discretion standard[,]'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), and review unpreserved, nonstructural sentencing errors for plain error, *see United States v. Lynn*, 592 F.3d 572, 575-76 (4th Cir. 2010). In reviewing a sentence, we must first ensure the district court committed no significant procedural error, such as "failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]" *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015) (quoting *Gall*, 552 U.S. at 51); *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). When rendering a sentence, the district must make an individualized assessment based on the facts presented, state in open court the reasons supporting its chosen sentence, and address the parties' nonfrivolous arguments in favor of a particular sentence and, if it rejects them, explain why in a manner allowing for meaningful appellate review. *Provance*, 944 F.3d at 218.

"In evaluating whether the district court properly applied the advisory sentencing guidelines, we review the district court's factual findings for clear error and its legal

2

conclusions de novo." *United States v. Pena*, 952 F.3d 503, 507 (4th Cir. 2020). We will find clear error only if we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks omitted). Thus, "[a] court reviewing for clear error may not reverse a lower court's finding of fact simply because it would have decided the case differently." *United States v. Wooden*, 693 F.3d 440, 451 (4th Cir. 2012) (internal quotation marks and brackets omitted). And "[w]hen reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility[.]" *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (internal quotation marks and brackets omitted).

If the sentence is procedurally sound, we then review the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We reject the arguments Lee raises on appeal. Contrary to Lee's assertion, we discern no error in the district court's decision to deny him an acceptance-of-responsibility offense level reduction. *See United States v. Hargrove*, 478 F.3d 195, 198 (4th Cir. 2007) (recognizing that a district court's acceptance-of-responsibility determination is reviewed

3

for clear error as "district courts are uniquely qualified to evaluate whether to grant or deny a sentence reduction for acceptance of responsibility"). Under the Guidelines, a defendant's offense level may be reduced up to three levels only "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense[.]" *U.S. Sentencing Guidelines Manual* (USSG) § 3E1.1. One factor a court may consider in determining whether a defendant has accepted responsibility is whether the defendant "truthfully admitt[ed] the conduct comprising the offenses of conviction[,]" which includes "all relevant conduct[.]" USSG §§ 1B1.1 cmt. n.1(I); 3E1.1 cmt. n.1(A). "Relevant conduct" includes "all acts committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense[.]" USSG § 1B1.3(a)(1).

Thus, "[a] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility[.]" USSG § 3E1.1 cmt. n.1(A). Notably, "[p]leading guilty is not enough, by itself," to support an acceptance-of-responsibility reduction. *United States v. Carver*, 916 F.3d 398, 404 (4th Cir.), *cert. denied*, 140 S. Ct. 197 (2019). Instead, "[t]he defendant bears the burden of showing he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct[.]" *Id.* (internal quotation marks omitted).

We discern no error in the district court's decision to adopt the probation officer's recommendation to increase Lee's offense level four levels, pursuant to USSG § 2K2.1(b)(6)(B), because Lee possessed the firearm underlying his conviction in

4

connection with another felony offense (i.e., breaking and entering a motor vehicle), and another two levels, in accordance with USSG § 2K2.1(b)(1)(A), because Lee's offense of conviction involved four firearms.[*]

Lee nonetheless repeatedly denied his involvement in both the vehicle burglaries and the theft of the firearm he possessed. We find that Lee's repeated denials that he was involved in conduct relevant to his firearm possession amply support the district court's finding that Lee failed to establish he "clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *See United States v. May*, 359 F.3d 683, 693 (4th Cir. 2004) (internal quotation marks omitted). Accordingly, we defer to the district court's decision to deny Lee an offense level reduction for acceptance of responsibility and find Lee's sentence to be procedurally reasonable. *See United States v. Harris*, 890 F.3d 480, 488 (4th Cir. 2018). Our deference is further justified by the fact that the district court made it abundantly clear it would have imposed the same 70-month sentence even if it miscalculated Lee's Guidelines range. *See* Fed. R. Crim. P. 52(a); *United States v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010) (recognizing that, in order to find a district court's error harmless, we "need only be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error" (internal quotation marks omitted)); *see also United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011) ("[I]t would make no sense to set aside a reasonable sentence and send the case back to the district court

---

[*] Lee does not dispute that he knew the firearm he possessed was stolen, which increased his offense level by an additional two levels. USSG § 2K2.1(b)(4).

5

since it has already told us that it would impose exactly the same sentence[.]" (internal quotation marks and brackets omitted)).

We also discern no substantive error in the court's decision to impose a 70-month sentence. "[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors[.]" *Nance*, 957 F.3d at 215 (internal quotation marks omitted). The district court here thoroughly explained the reasons for the imposed sentence and expressly tied its rationale to the § 3553(a) factors. In the absence of any meaningful challenge that the court misapplied the § 3553(a) factors or that any of the factors upon which the court relied was unlawful, Lee has failed to rebut the presumption of reasonableness to which the imposed sentence is entitled. *Louthian*, 756 F.3d at 306. We thus defer to the district court's determination that the § 3553(a) factors it deemed relevant support the 70-month sentence. *See United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) ("[B]ecause district courts are in a superior position to find facts and judge their import, all sentencing decisions—whether inside, just outside, or significantly outside the Guidelines range—are entitled to due deference." (internal quotation marks omitted)); *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (recognizing that, even if this court would have imposed a different sentence, this fact alone will not justify vacatur of the district court's sentence).

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6