**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4443**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN SOMERS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Thomas S. Kleeh, District Judge. (2:20-cr-00001-TSK-MJA-1)

Submitted: July 20, 2021                          Decided: July 22, 2021

Before WILKINSON, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. Andrew R. Cogar, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Somers pled guilty, pursuant to a plea agreement, to unlawful possession of a firearm as an unlawful user of controlled substances, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2), and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D). The district court sentenced Somers to 78 months' imprisonment, a sentence at the bottom of the advisory Sentencing Guidelines range. Somers now appeals and appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court clearly erred in denying Somers a reduction in his offense level for acceptance of responsibility after applying a sentencing enhancement for obstruction of justice. Somers was advised of his right to file a supplemental brief, but he has not done so. We affirm.

Under U.S. Sentencing Guidelines Manual § 3E1.1(a) (2018), a district court may decrease a criminal defendant's offense level by 2 levels if the defendant "clearly demonstrates acceptance of responsibility for his offense." To earn the reduction, "[t]he defendant bears the burden of showing he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *United States v. Carver*, 916 F.3d 398, 404 (4th Cir.), *cert. denied*, 140 S. Ct. 197 (2019) (internal quotation marks omitted). However, "defendants who have obstructed justice [under USSG § 3C1.1] must make a heightened showing of acceptance of responsibility to receive the reduction" and "ha[ve] the burden of showing that there are 'extraordinary' circumstances justifying a

2

reduction" for acceptance of responsibility. *United States v. Harris*, 890 F.3d 480, 488 (4th Cir. 2018); *see* USSG § 3E1.1 cmt. n.4.

Here, Somers received an enhancement for obstruction of justice under USSG § 3C1.1. We have reviewed the record and discern no error, clear or otherwise, in the district court's determination that Somers was not entitled to an offense level reduction for acceptance of responsibility based on the conduct underlying the application of the obstruction of justice enhancement. *See United States v. Hargrove*, 478 F.3d 195, 198 (4th Cir. 2007) (recognizing that district court's acceptance of responsibility determination is reviewed for clear error as "district courts are uniquely qualified to evaluate whether to grant or deny a sentence reduction for acceptance of responsibility").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Somers, in writing, of the right to petition the Supreme Court of the United States for further review. If Somers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Somers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*