UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4552

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERRELL TITO BOWMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:19-cr-00045-MR-WCM-1)

Submitted:  September 14, 2021                    Decided:  September 17, 2021

Before THACKER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard L. Brown, Jr., LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina, for Appellant.  William T. Stetzer, Acting United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerrell Tito Bowman pled guilty to possession with intent to distribute a quantity of cocaine, 28 grams or more of cocaine base, a quantity of fentanyl, a quantity of heroin, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 851; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(D)(ii); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Bowman to 185 months' imprisonment. On appeal, Bowman argues that the district court plainly erred in withholding a reduction in Bowman's offense level for acceptance of responsibility. We affirm.

Because Bowman failed to present this claim to the district court, it is reviewed only for plain error. *United States v. Harris*, 890 F.3d 480, 490 (4th Cir. 2018). Under this standard, this court "will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 491 (internal quotation marks omitted). In the sentencing context, an error affects substantial rights if the defendant can "show that he would have received a lower sentence had the error not occurred." *United States v. Knight*, 606 F.3d 171, 178 (4th Cir. 2010).

Under U.S. Sentencing Guidelines Manual § 3E1.1(a) (2018), a district court may decrease a criminal defendant's offense level by two levels if the defendant "clearly demonstrates acceptance of responsibility for his offense." To earn the reduction, "[t]he defendant bears the burden of showing he has clearly recognized and affirmatively

2

accepted personal responsibility for his criminal conduct, and this does not flow automatically from a guilty plea." *United States v. Carver*, 916 F.3d 398, 404 (4th Cir. 2019) (internal quotation marks omitted). Among the factors that are relevant to whether to grant or withhold the reduction is "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." USSG § 3E1.1 cmt. n.1(H).

We have reviewed the record and discern no error, plain or otherwise, in the district court's determination that Bowman was not entitled to an offense level reduction for acceptance of responsibility based on Bowman's entry of a guilty plea on the day his trial was set to begin. *See* USSG § 3E1.1 cmt. n.5 (noting that sentencing judge's determination regarding acceptance of responsibility is "entitled to great deference on review," as "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility"); *see also United States v. Hargrove*, 478 F.3d 195, 202 (4th Cir. 2007) (same). We therefore affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*